Church et al. v. Fagin.

*Appeal from St. Louis Circuit Court.*

*Hitchcock & Lubke*, for appellant.

*H. S. Lasar*, for respondent.

43 123
36a 392
36a 634
43 123
77a 570

---

CHARLES J. CHURCH *et al.*, Respondents, *v.* AARON W. FAGIN, Appellant.

1. *Evidence — Stale Claim — Proof of solvency, showing payment of.*—Testimony of defendant touching his solvency would be admissible as tending to prove the payment of a stale claim, where the question of payment is in issue, but not simply for the purpose of showing that nothing was due from himself to plaintiffs, where the amount sued for is admitted to have been unpaid.

2. *Contracts — Assumpsit — Specific Contract — Burden of Proof.*—Where plaintiffs contracted to deliver to defendant a specific quantity of wheat, exceeding the amount actually delivered by them to defendant, they cannot recover anything in an action of assumpsit for the value of the wheat delivered. But the burden of proving such a contract is upon the defendant.

*Krum, Decker & Krum*, for appellant.

I. The defendant was entitled to give in evidence to the jury the fact that he had large means, and owned property subject to execution at all times between the time of the making of the contract and the institution of this suit. As there were only two witnesses (who flatly contradicted each other upon the question whether the defendant owed the alleged debt to the plaintiffs), and as the plaintiffs failed to urge their demand for a period exceeding four years, it became important to show that the defendant was always able to respond, that he had means to respond, to any debt; that plaintiffs allowed four years to expire without suit when they could have had the money by suit at any time; that they delayed until after the evidence of the contract was lost by fire. As the poverty of a debtor may, in some cases, furnish a presumption of fact of non-payment (1 Phil. Ev. 677, 4th Am. ed.), so the abundant ability of the alleged debtor may furnish a circumstance from which the jury may find that there was no debt, where the creditor, without any reason, fails to urge a demand, or prosecute it, for a period exceeding four years. (1 Stark. Ev. 55.)

II. The court erred in refusing to tell the jury that the burden of proof was on the plaintiffs, and that, by the law, they were bound to make out their case by a preponderance of evidence before the jury could find for the plaintiffs. In civil cases it is the duty of the jury to decide in favor of the party on whose side the weight of evidence preponderates, and according to the reasonable probability of the truth. (1 Greenl. Ev. § 13 a; 1 Stark. Ev. 451, 452, 478; Lindsey v. Perry, 1 Ala. 204; Wall v. Hill's heirs, 1 B. Monr. 290.)

*Haeussler*, for respondents.

1. The burden of proof was on the defendant to prove his set-off, and prove the contract set up by him in his answer and denied by plaintiffs. If he failed in this, the plaintiffs were entitled to the judgment rendered for them, from the pleading and evidence of defendant himself. Take his set-off out of the answer, and plaintiffs' case is admitted by defendant.

BAKER, Judge, delivered the opinion of the court.

This is an action on an account for $146.70, as a balance due on 4,009 bushels of wheat, which the plaintiffs claim to have sold and delivered to the defendant about the 15th day of September, 1863, at one dollar and fourteen cents per bushel. The defendant, in his answer, denies that anything is due on an account, and, by way of set-off, claims that the plaintiffs, about the 14th day of September, 1863, entered into a contract with him to deliver to him, in St. Louis, 5,000 bushels of wheat, at one dollar and fourteen cents per bushel, within two weeks thereafter; that the wheat delivered by plaintiffs was on said contract, and that they failed to deliver 1,000 bushels of the wheat, by reason of which he was damaged to the amount of $300; that the quantity of wheat mentioned in the petition was delivered, and was of the value of one dollar and fourteen cents per bushel, and that the sum claimed was not paid, is not controverted. The defendant testified that there was a contract between the plaintiffs and himself that they should deliver to him at St. Louis 5,000 bushels of wheat, at one dollar and fourteen cents per bushel, within two weeks thereafter; that there were 4,009 bushels of wheat delivered on said contract; that the plaintiffs failed to deliver the balance; and that, at the expiration of the time, wheat was worth one dollar and twenty-one cents per bushel. Defendant also offered to testify that he was abundantly able to pay all his liabilities from the time of the delivery of said wheat until the present time, which the court refused to permit. One of the plaintiffs testified in substance that the only understanding or agreement between them was that they were to deliver the plaintiff 4,000 bushels of wheat at the price charged in the petition. These were the only witnesses.

The court instructed the jury, at the instance of the plaintiffs, as follows:

"If the jury believe from the evidence that plaintiffs sold and delivered to defendant the wheat in controversy, at the price and in the quantity as stated in the petition, and that the balance of $146.70 is due to plaintiffs, they will find for the plaintiffs, with

interest at six per cent. per annum from September 26, 1863, unless they shall find that the plaintiffs agreed to deliver defendant 5,000 bushels of wheat."

The court also refused the following instructions asked by the defendant:

" First, as the burden of proof is on the plaintiffs, it is incumbent on them to make out their case by a preponderance of evidence before the jury can find for the plaintiffs. Second, if the jury find from the evidence that the plaintiffs contracted to deliver a specific quantity of wheat exceeding the amount actually delivered by plaintiffs to defendant, the plaintiffs cannot recover anything in this action, and the plaintiffs must make out their cause of action by a preponderance of proof."

The testimony offered by the defendant in relation to his solvency, it is claimed, should have been admitted, for the purpose of proving that there was nothing due to the plaintiffs. Such evidence would be admissible as tending to prove the payment of a stale claim where the question of payment is in issue; but in this case it is admitted that the amount sued for has not been paid. The defendant claims that the wheat was delivered on a contract for a greater amount, and that the plaintiffs cannot recover, as this action was not brought on the contract. It cannot be seriously claimed that this kind of evidence would be proper to prove the existence of such a contract. The alleged contract is set up by the defendant, and is the only real question in issue. The instructions given fairly present the question as to whether such a contract was made. If there was no such contract, the plaintiffs were entitled to recover. The instructions asked by the defendant, and refused, should not have been given. The first one was calculated to mislead the jury. The *onus probandi* is on the defendant, so far as the material issue in this case is concerned. There was no evidence to justify the second one. The only evidence tending to prove a contract was that of the defendant, who testified that there was a contract for 5,000 bushels. The existence of this contract was fairly submitted to the jury in the instructions given.

Under the instructions given, the jury necessarily determined that there was no such contract as the one relied upon by the

defendant; and though it might have been more regular to say so in the verdict, the finding is sufficient to support the judgment. The instruction relating to interest is not erroneous, under the circumstances of this case.

The judgment is affirmed. The other judges concur.