YOUNG E. GRAY, Respondent, *vs.* THE MISSOURI RIVER PACKET Co., Appellant.

| 64 | 47 |
| 122 | 274 |
| 60a | 98 |
| 64 | 47 |
| 64a | 648 |
| 64 | 47 |
| 71a | 464 |
| 72a | 21 |
| 64 | 47 |
| 150 | 51 |
| 78a | 533 |

1. *Practice, civil—Instructions—Evidence—An instruction not based on evidence is properly refused—Carriers—Mandatory—Declarations—What constitute—Measure of damages—Negligence—Interest.*

1st. A carrier who transports property gratuitously is liable for injuries thereto only in cases of gross negligence, but a declaration by him that he will "charge little if anything" does not constitute him a mandatory so as to bring him within that rule, even though his statement be coupled with an unexpressed intention to transport without hire.

2d. In the absence of an agreement a promise to pay a reasonable sum for freightage arises by implication.

3d. In case of loss or destruction the carrier is bound for the value of the property at the time of contemplated delivery, less freightage, if unpaid. But in the absence of proof as to amount of freightage, no deduction should be made therefor.

4th. Interest may be charged in case of gross negligence. In the absence of negligence, interest may be withheld.

*Appeal from Lafayette Circuit Court.*

*Ryland & Ryland,* for Appellant, cited: Chouteau vs. Steamboat St. Anthony, 20 Mo. 519; Id. 16 Mo. 216; Sto. Bailm. 6th Ed., p. 468, note; Fay vs. Steamer New World, 1 Cal. 348; Nelson vs. McIntosh, 1 Stark. 188; Beardslee vs. Richardson, 11 Wend. 25; Pars. Cont. 586 and notes; Smithers vs. Steamboat War Eagle, 29 Mo. 312; Ready vs. Steamboat Highland Mary, 17 Mo. 461; Sto. Bailm. 6th Ed. §§ 173–176, 182; Ketchum vs. American Merchants Union Express Co., 52 Mo. 390; Read vs. St. L., K. C. & N. R. R. Co., 60 Mo. 166; Trans. Co. vs. Traube, 59 Mo. 355; Sedgw. Dam. ch. 13; Atkinson vs. Steamboat Castle Garden, 28 Mo. 124; Henschen vs. O'Bannon, 56 Mo. 289, and cases cited.

*Wallace & Chiles*, for Respondent, cited: Sedgw. Dam. 6th Ed., marg. pp. 355, 357 ; 13 Minn. 92 ; Woodward vs. Illinois Cent. R. R. Co., 1 Bissell, 403 ; Smith vs. Whitman, 13 Mo. 352, 359 ; Atkinson vs. Steamboat Castle Garden, 28 Mo. 124, 127 ; 35 Mo. 380 ; Wagn. Stat., 1068, § 32 ; 48 Mo. 23 ; Levering vs. Union Mo. Trans. & Ins. Co., 42 Mo. 88 ; R. R. Co. vs. Lockwood, 17 Wall., (U. S.) 382–3 ; Johnson vs. Morrow, 60 Mo. 342.

NORTON, Judge, delivered the opinion of the court.

This was an action in which defendant is sought to be charged as a common carrier for transporting a jack, the property of plaintiff, in so careless a manner as to occasion his death. The defendant by way of defense denied negligence as charged, and set up in his answer as a further defense that the shipment of the jack was to be made gratuitously and without compensation, and not for hire.

On the trial plaintiff obtained judgment for $660.30 from which defendant has appealed and assigns for error the rejection of evidence and the giving and refusing instructions. Plaintiff, who was introduced as a witness, was asked to state " what he had paid for the jack in 1873, and whether he had not agreed to pay his lawyer one-half the recovery which might be had, and how much more the jack was worth in 1874 than when he bought him."

The question for determination being the value of the animal at the time he was injured, the evidence offered was properly rejected by the court because it had no tendency to elucidate the question. If the witness had been asked how much the jack was worth, and not how much he paid for him in 1873, and how much less or how much more he was worth than at the time he received the injury, it would only, then, have been equivalent to asking him the question how much he was worth at the time he was injured, and would have been an indirect instead of a direct method in solving the question as to the value of the animal.

On the same principle the objection to the statement made by witness Shelby " that he was not acquainted with the value of such animals since the war, but before the war they were worth $800 or $1,000 " should have been sustained by the court.

This error, however, is cured by the subsequent action of the court in giving an instruction confining the jury in their estimate to the value of the jack at the time of the injury. Besides this the record shows that a number of witnesses testified that the animal was worth $1,000 at the time he was shipped, and we cannot see how the defendant was prejudiced by the statement.

The following instruction asked by defendant was refused by the court: "If the jury believe from the evidence that the jack in controversy was to be transported from Berlin on the south side of the Missouri river to Grider's landing on the north side of said river by said defendants, without hire or reward from plaintiff and solely and gratuitously to accommodate plaintiff, then the defendant is not liable in this action unless the jury should further find that the defendant was guilty of gross negligence which the court defines to be that omission of care which even the most inattentive and thoughtless never fail to take of their own concerns." The instruction asserted a correct principle of law as applicable to mere mandatories. It was nevertheless rightfully refused by the court, because under the view we take of the case, as disclosed in the record, there was no evidence on which to base it. It appears from the evidence that plaintiff applied to one Rider, captain of the Steamboat "Alice" which was being used by defendants in their business as carriers, to ship his horse and jack, and that he agreed to transport them for him. He asked Rider what would be the charge, who said in reply that he never took anything for less than a dollar, and directed plaintiff to bring on his stock. Rider testifies as follows : "I promised Gray to take his stock, he came and asked me what I would charge. I said 'not much, if anything.' I did not intend to charge him anything. I took him over purely to accommodate Gray."

The secret intention of Rider, unexpressed and locked up in his breast not to charge Gray anything for the transportation of his stock, does not tend to establish an agreement for its gratuitous transportation, especially when connected with what he did express that he would " charge him not much if anything." We appre-

hend that if Gray had been sued for the transportation of his stock it would have been no reply to the action for him to have set up as a defense that Rider said when he was applied to for the price that he would not charge him much, if anything.

After an injury results to property intrusted to a common carrier for transportation, who upon receiving it for that purpose declined to fix the price or charge for the transportation, he cannot be allowed to come in and defeat a recovery by saying that at the time of its reception he had a secret intention, unexpressed to the shipper or consignor, and not agreed to by him, not to charge anything, and that the transportation was gratuitous and not for hire.    The instruction copied as well as the first instruction asked by defendant upon a kindred subject were therefore properly refused.    The seventh instruction given on behalf of plaintiff in so far as it contained the word "gratuitously" was erroneous, but as under the views above expressed no injury could result therefrom to defendant it is no cause for disturbing the judgment.

It is also objected that the court misdirected the jury by its third instruction, in which they were told that if they found for plaintiff they would assess his damages at the actual value of the jack at the time he was shipped with the six per cent. interest from that time.    It is a general rule that when goods are delivered by a common carrier according to contract, the measure of damages is the value of the goods with interest from the day they should have been delivered, less the freight if unpaid.    (Sedg. on Dam. 424; King vs. Shepherd, 3 Sto. 349; Cushing vs. Wells, Fargo & Co., 98 Mass. 550; Woodward vs. Illinois Central R. R. Co., 1 Bissel, 503; Corby vs. Davidson, 13 Minn. 92; Mote vs. Chicago & N. W. R. R. Co., 27 Iowa, 22.)

In the case of Atkinson vs. Steamboat Castle Garden (28 Mo. 124.)    Judge Scott remarks "that the allowance of interest in these cases depends on circumstances and will be given or withheld in all other cases of unliquidated damages."    When a loss occurs without negligence in cases of this class, interest might be withheld.    In the case at bar the negligence as shown by the proof was of the grossest character, and the manner in which the jack

was thrown down and dragged on to the boat might well have subjected the parties engaged in it to a prosecution under the statute for cruelty to animals. In consequence of it plaintiff had an animal with broken limbs thrown on his hands to be cared for, till he died from the injuries, one week after they were inflicted. We think the circumstances justified the allowance of interest.

While the instruction as to the measure of damages is silent in regard to the duty of the jury to deduct from the value of the animals and interest the freight, the silence of the court may be justified by the silence of the witnesses in regard to what it was worth.

The defendant agreed to ship the stock without the price being fixed or agreed upon, and the promise to pay what was reasonably worth arose by implication of law, and in the absence of proof, showing what it was worth, the court committed no error in not alluding to it.

Judgment affirmed, the other judges concurring.