FRANK HULL *et al.*, Appellants, v. ANDREW F. COOPER *et al.*, Respondents.

St. Louis Court of Appeals, May 14, 1889.

**Evidence**: BURDEN OF PROOF: ASSUMPSIT: CONTRACTS. Where the defendant alleges that the work, the value of which is sued for, was done under a special contract, by which he was to pay, provided certain results were obtained, and the execution of the contract is admitted by a reply which denies the proviso, the burden of proof remains with the plaintiff.

*Appeal from the Stoddard County Circuit Court.—* HON. JOHN G. WEAR, Judge.

AFFIRMED.

*Johnson & Lentz,* for the appellants.

Under the pleadings and evidence in this case the plaintiffs made a *prima facie* case and were entitled to recover from the defendants the sum of $139.56, unless the *prima facie* case was overcome by a preponderance of the testimony. *Murphey v. Murphey*, 15 Mo. App. 600 ; *Sappington v. Railroad*, 14 Mo. App. 86. The burden of proving any fact lies upon the party who substantially holds the affirmative of the issue. Greenl. Ev. [14 Ed.] sec. 74; *Stephenson v. Murray*, 29 Ill. 532 ; *McClure v. Purcell*, 6 Ind. 330. The pleadings in this cause placed upon the defendants the burden of establishing a guaranty to furnish sufficient water to run their mill by a preponderance of the testimony, and failing to do so, the judgment should have been for the plaintiffs. Greenl. Ev. [14 Ed.] sec. 74 ; *Church v. Fagin*, 43 Mo. 125. Where defendant sets up a special contract and avers non-performance, the burden is on him to prove such contract. *Church v. Fagin*, 43 Mo. 125.

*Houck & Keaton*, for the respondents.

As there is an abundance of testimony to sustain the finding and judgment of the court, this court is bound by the finding of the trial court as to the facts in issue. *Schad v. Sharp*, 95 Mo. 573 ; *Milan & Abbott v. Porter*, 31 Mo. App. 563, and the unbroken decisions of the appellate courts. The burden of proof was on the plaintiffs. 1 Greenl. Ev., sec. 74 ; *Clifton v. Sparks*, 25 Mo. App. 383 ; *St. Louis v. Arnoh*, 95 Mo. 275. There is no error in defendants' instructions, they are all founded and predicated on the evidence, and if the court found from the evidence that plaintiffs made a special contract they can not recover on *quantum meruit*. *Davidson v. Biermann*, 27 Mo. App. 655 ; *Bank v. Payne*, 31 Mo. App. 513. Plaintiffs contract in this case is based upon the proposal of defendant Cooper "That unless they would guarantee plenty of water he did not want them to come," and accepted by them when defendants agreed to furnish the heavy casing. *Lancaster v. Elliott*, 28 Mo. App. 86.

BIGGS, J., delivered the opinion of the court.

This is an action for money. The principal amount sued for was two hundred and fifty dollars for sinking a well (two hundred feet deep), at the defendants' mill, in the town of Dexter, in Stoddard county. The action also embraced the value of the "casing" used in the well, which, after adding freight, was the value of sixty-four and seventy-hundredths dollars. The plaintiffs gave the defendants credit for cash paid and merchandise sold amounting to $175.50, leaving balance due the plaintiffs of $139.20. The defendants' answer, after making a general denial, contained the further statement, that the well was dug by the plaintiffs under a special contract entered into between the plaintiffs and the defendants ; that the plaintiffs were to dig the well and guarantee a sufficient quantity of water to run

Hull v. Cooper.

the defendants' mill ; that if the plaintiffs accomplished this, then the defendants were to pay the plaintiffs for their work in sinking the well at the rate of $1.25 per foot, and also pay the plaintiffs for the "casing" used in the well ; but if the plaintiffs should fail to procure an adequate supply of water for the purpose stated, then the plaintiffs were to receive nothing. The answer then avers that the plaintiffs failed to procure a supply of water sufficient for the purpose aforesaid, and that the well was of no value, whatever, to the defendants. The defendants then claimed judgment on a counter-claim for goods sold and money loaned or advanced on the contract, amounting to one hundred and seventy-five dollars and ninety-five cents.

The plaintiffs replied to this answer, by which they admitted that the defendants employed the plaintiffs to dig or sink the well, and that the price agreed on was $1.25 per foot, but denied that they were to receive nothing, unless they should obtain a sufficient supply of water to run the defendants' mill, and averred that they were to receive for the work $1.25 per foot uncon-ditionally, and that they fully completed the work under their contract.

The case was submitted to the court, sitting as a jury, and resulted in a judgment for the defendants, and against the plaintiffs for the amount of the counter-claim. The evidence of both parties showed that the work was done under a special contract, and that the contract price was $1.25 per foot for digging the well ; and that the defendants, in addition thereto, were to pay the plaintiffs the cost and freight for the "casing." The plaintiffs' testimony tended to prove that they were to receive that amount as compensation, at all events. The defendants' testimony tended to prove that they agreed to pay the plaintiffs the amount claimed by them in the event that they secured an adequate supply of water to run the defendants' mill, and if the plaintiffs should fail in this, then the contract was that the

defendants should pay nothing. The record does not show, and, as we understand, it is not claimed, that the plaintiffs did obtain such a supply of water as the defendant contend the contract contemplated, or that the well, as dug, is of any value to the defendants. So the rights of the parties were made to depend on the determination of the question of fact, *i. e.*, the conditions (if any) of the special contract.

The position assumed by the plaintiffs' counsel at the trial, and urged by them before this court, was, that the burden of proof rested on the defendants to show, that under the terms and conditions of the special contract, the plaintiffs were to receive nothing for sinking the well unless they succeeded in securing enough water to operate the defendants' mill. The instructions asked by the plaintiffs, and refused by the court, so declare.

This presents the only question to be determined by us. The plaintiffs' counsel rely on *Church v. Fagin*, 43 Mo. 123, and have strenuously argued, that a proper application of the principles, therein decided, will necessarily result in the reversal of the judgment in the case under consideration. We think there is a marked distinction between the two cases; not only as to the pleadings, but also the evidence. In *Church v. Fagin*, the plaintiffs sued for the balance of $146.70, due on delivery of four thousand bushels of wheat. The defendant denied that he owed the balance, and then alleged that the plaintiff contracted to deliver to him five thousand bushels of wheat, and that he had only delivered four thousand bushels, by reason of which the defendant had been damaged in the sum of three hundred dollars. The plaintiff denied that there was any such contract. The supreme court held that the *onus probandi* was with the defendant; that is to prove a contract for the delivery of five thousand bushels. It must be borne in mind, that Church, in his pleadings and testimony, denied that there was any contract to deliver five thousand bushels of wheat. If Church had

Hull v. Cooper.

admitted the contract as claimed by Fagin, and that the balance sued for grew out of it, but differed with Fagin as to the terms and conditions, then the burden or proof would have rested on Church. So in the case at bar, if the plaintiffs had denied in their pleadings that there was a special contract to dig the well, and if their own evidence tended to contradict this, then the counsel for the plaintiffs would probably be right. But the very contrary to this appears. The plaintiffs swear. that there was a special contract by which they agreed to dig the well for $1.25 per foot, but they say that they were to receive this amount unconditionally; whereas, the defendants say, that the plaintiffs were to be paid that amount, *provided* the plaintiffs obtained an adequate supply of water, etc. Now, both parties agree that there was a special contract, but they differ as to its conditions.

The balance sued for admittedly grew out of work done under this contract, and that being the case, there is no law of practice known to us, which would shift to the shoulders of the defendants the burden of establishing their version of the contract by a preponderance of proof.

Under our code and also at common law, when work has been fully completed under a special contract and nothing remains to be done except to pay for it, an ordinary action of *assumpsit* may be brought to recover the price of the work. But in such a case, when it is made to appear that the work was done under a special contract, then the plaintiffs' right to recover is limited and governed by the terms and conditions of the special contract. *Mansur v. Botts*, 80 Mo. 651 ; *Plummer v. Trost*, 81 Mo. 425. If the special contract in such case is to determine and govern the right of the plaintiff to recover, then it forms the basis of the plaintiffs' cause of action, and it would be very illogical to say, that because the rules of pleading permitted the plaintiff to sue in

*assumpsit*, and not on the special contract, that therefore the defendant, where it is made to appear that work sued for was performed under a special contract, should be saddled with the burden of establishing his version of the special contract, by a preponderance of evidence. This question will have to be ruled against the plaintiffs.

The contention is also made that the judgment is not supported by substantial proof. The judgment of the court is justified by the testimony of both the defendants, and this evidence is supplemented and corroborated by the contents of letters written by the plaintiffs to the defendants, and also by the admissions of the plaintiffs to third persons, as to the terms of the contract.

We find nothing in the record to authorize a reversal of the judgment. With the concurrence of the other judges, it will be affirmed.