The St. Joseph Iron Co. v. H. K. Halverson & Co.

THE ST. JOSEPH IRON COMPANY, Respondent, v. H. K. HALVERSON & Co., Garnishees of LOWE & McFALL, Appellants.

### Kansas City Court of Appeals, March 7, 1892.

1. **Construction Contracts: ESTIMATES OF ENGINEERS BINDING ON GARNISHEES.** The contract between the contractor and his subcontractor for the construction of a railroad, providing that the estimate of the chief engineer should be final and conclusive as to the amount of the work and its value, is binding on the judgment creditors of the subcontractors on garnishment of the contractor, and such creditors should not be permitted to give their estimate of about what the work amounted to.

2. ———: **INDEBITATUS ASSUMPSIT: PERFORMANCE.** In an action of *indebitatus assumpsit*, to recover the stipulated price due on a special contract, such contract having been fully performed, the performance of the contract and compliance therewith must be shown, and the terms of the contract govern as fully as if the action was directly on the contract.

3. ———: **EVIDENCE: ADMISSION OF AGENT: ENGINEER'S ESTIMATES.** On the garnishment of a contractor by his subcontractor's judgment creditor, it is error to admit the admission of an alleged agent as to the amount of the contractor's indebtedness to the subcontractor, because, *first*, under the contract such indebtedness could only be shown by the engineer's certificate; *second*, and in this case the agency of the person making the admission was not sufficiently shown.

4. ———: **CONDITION PRECEDENT: ENGINEER'S CERTIFICATE.** The contract between the parties, for the construction of a railroad, provided that nothing was due and payable until thirty days after there shall have been previously made by the chief engineer a certificate that the work had been completely finished, and an estimate of the quantity and kind of work which shall be final and conclusive. between the parties. *Held*, where no such certificates and estimates were shown, no case was made out, and a demurrer should be sustained.

5. ———: **ESTIMATES OF DIVISION AND RESIDENT ENGINEERS.** In this case if the estimates of the division and resident engineers are to be considered as that of the chief engineer of the contractor, it cannot aid a recovery, since the certificate of completion is lacking. and these engineers decide the points raised on the estimates against plaintiff.

| | |
|---|---|
| 48 | 383 |
| 54 | 574 |
| 48 | 383 |
| 61 | 340 |
| 48 | 383 |
| 69 | 237 |
| 71 | 463 |
| 48 | 383 |
| 166s | 327 |

*Appeal from the Buchanan Circuit Court.*—Hon.
H. M. RAMEY, Judge.

REVERSED AND REMANDED.

*D. D. Burnes* and *W. W. Ramsay,* for appellants.

(1) The court erred in permitting the plaintiff,
under the pleadings, to offer in evidence the special
contract between plaintiff and appellants, and the final
estimate of the civil engineer of the Chicago, St. Paul
& Kansas City Railroad. The reply to appellants' answer
to interrogatories, which fills the office of a petition in
this case, is in form as for a *quantum meruit*—a common
count for work and labor done, of the alleged value of
$1,911.69. No contract is pleaded, none filed. The
first information the court had that a lengthy, detailed
contract, one containing many conditions, existed
between Lowe & McFall and appellants was the intro-
duction of such contract in evidence by respondent. In
urging this point, we are not unmindful of the decision
in *Mansur v. Botts,* 80 Mo. 651, and cases following
that decision. The case of *Mansur v. Botts, supra,* has
not remained unassailed in the lengths to which it pro-
fessed to go. *Fox v. Car Co.,* 16 Mo. App. 122 ; *Crump
v. Rebstock,* 20 Mo. App. 37 ; *Floerke v. Distilling Co.,*
20 Mo. App. 73. If the respondent sought to recover
on the contract, the conditions of the contract, their
performance and appellants' failure to pay for the work
done under the contract should have been averred and
thus proved. *Dinsmore v. Livingston Co.,* 60 Mo. 241.
(2) The court erred in permitting W. H. Lowe, over
the objections of appellants, to testify generally as to
amount of work done as subcontractors for appellants,
and to swear in round numbers to value of work, amount
due, etc. We do not believe the reason assigned by the
trial court is a valid, legal reason. And should this
court hold, under *Mansur v. Botts,* 80 Mo. 651, that the

action was on a *quantum meruit*, then after respondent offered in evidence the contract and estimate it was, most certainly, confined to the contract, its terms, conditions and requirements, in seeking a recovery? *Dermott v. Jones*, 2 Wall. 9; *Plummer v. Frost*, 81 Mo. *loc. cit.* 430. If such is the law, then it matters but little to appellants what this action is determined to have been. All appellants want is the right to make a fair, legal contract, and then to have their rights determined by it. If this court holds that respondent's suit was upon the contract, then it is equally plain that the evidence here objected to was wholly incompetent. *Dinsmore v. Livingston Co.*, 60 Mo. 241; *Eyerman v. Cemetery Ass'n*, 61 Mo. 489. (3) The court erred in permitting respondent to prove by W. G. Bright statements made by W. E. Rodgers, the appellants' storekeeper. Also in permitting the witness, N. Curtley, to be examined concerning same matter. The statements of W. E. Rodgers were hearsay, pure and simple. The declarations of an agent are admissible against his principal only when made while transacting the business of the principal, and as a part of the transaction which is the subject of inquiry. *City of Chillicothe ex rel. v. Raynard*, 80 Mo. 185; *Adams v. Railroad*, 74 Mo. 554. Rodgers, under the contract, had nothing whatever to do with making estimates of work done by Lowe & McFall. All this evidence was clearly inadmissible under the position we assume in point 2 hereinbefore discussed. This court will note that all of these alleged statements of Rodgers were made, if at all, about the last days of December, 1887,—a month or more before final estimate was made by engineer. (4) The court erred in refusing to sustain a demurrer to respondent's (plaintiff's) evidence at its close. Even admitting that respondent had introduced competent evidence, tending to show that at time garnishment was served appellants were indebted in some amount to Lowe & McFall under the contract, still we think it is clearly shown in the

record that such debt was not subject to garnishment. A debt, to be liable to garnishment, must be shown to be absolutely due as a money demand, unaffected by liens, or prior incumbrances, or conditions of contract. *Seels v. Hotel Co.*, 37 Mo. 520; *Weil v. Tyler*, 43 Mo. 581; *Heege v. Fruin*, 18 Mo. App. 139; *Ritter v. Ins. Co.*, 28 Mo. App. 140; Waples on Attach. & Garnish. 341–378. In *Heege v. Fruin, supra*, it is expressly decided that a garnishee does not lose the benefit of his contract by being garnished. The same is also held in *Ritter v. Ins. Co., supra*. Now look at the numerous conditions of the contract between appellants and Lowe & McFall. It will be noted that respondent did not claim that Lowe & McFall completed work undertaken by them under contract. The final estimate is introduced, then wholly disregarded. The decision of the civil engineer is repudiated. That appellants had a perfect right to pay off hands employed by Lowe & McFall, and to retain fifteen per cent. "until the entire work was entirely finished and completed to the satisfaction and acceptance of the chief engineer, and until engineer shall have furnished certificate of that fact," was forgotten at the trial. Yet all of these and more were conditions precedent to a suit against appellants. For the effect given to such a contract in a proceeding like this, see *Royer v. Fleming*, 58 Mo., *loc. cit.* 443. (5) At the close of the evidence the court should have given instruction, numbered 2, asked by appellant, to the effect that under pleading and evidence the finding should be for defendants. It then clearly appeared that there was neither mistake, ambiguity nor fraud in the final estimate made by the civil court. We maintain that, where no fraud or oppression is alleged in a straight suit at law under such a contract as this, the decision of the engineer agreed upon by the parties, whether on or off of the witness stand, is conclusive, and cannot be controverted. Of course, it would be otherwise when the engineer is charged with fraud and

rascality, and a suit in equity is instituted for relief. We believe the supreme court in *Noffsinger v. Ring*, 71 Mo. 149, decides this exact point. In that case, it will be observed, "The substance of the agreement between the parties was that the defendant would accept such meat, when delivered, as had been inspected by McCullough, and pronounced by him to conform to the requirements of the contract." McCullough certified to the fact that the meat filled the measure of the contract. At trial he so testified. The trial court refused to hear evidence offered to contradict McCullough, and supreme court sustained lower court. This court fully recognized this doctrine in *Roy v. Boteler*, 40 Mo. App. 213. ( 6 ) While we admit, had the chief engineer, from collusion or otherwise, refused to do justice to respondents ( judgment debtors ), and had obstinately refused to grant such certificates, that a remedy might have been afforded Lowe & McFall in equity. In the absence of any such contention, we do maintain that this condition of the contract is just as binding as any, and this instruction should have been given by the court. *Neenan v. Donoghue*, 50 Mo. 495; *Yeats v Ballentine*, 56 Mo. 539; *Dinsmore v. Livingston Co.*, *supra; Roy v. Boteler*, *supra; Downey v. O'Donnell*, 83 Ill. 49 ; *Noffsinger v. Ring*, 71 Mo. 149.

*Wm. B. Sanford* and *Ryan & McDonald*, for respondent.

( 1 ) It is a rule of common law long established, and there is nothing in the code of practice in Missouri which renders the rule inapplicable here, that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract, where the contract has been fully executed, and it is not necessary in such a case to declare upon the special contract. *Bank v. Patterson*, 7 Cranch, 333 ; *Chesapeake & O. C. Co. v. Knapp*, 9 Pet. 565 ; *Felton v. Dickenson*, 10 Mass. 292 ; *Mansur v. Botts*, 80 Mo. 651 ; *Dermott v. Jones*, 2 Wall. 9 ;

*Stout v. St. Louis Tribune*, 52 Mo. 342; *Yeats v. Ballentine*, 56 Mo. 530; *Rose v. Spies*, 44 Mo. 20; *Plummer v. Frost*, 81 Mo. 430. Consequently, the lower court did not err in admitting in evidence for the plaintiff the special contract between the appellants and Lowe & McFall, nor in refusing to sustain appellants' demurrer to the evidence at the close of the plaintiff's testimony. (2) *Dinsmore v. Livingston Co.*, 60 Mo. 241, cited by appellants' counsel, has no application here because that was an action purely on a contract, and *Eyerman v. Cemetery Ass'n*, 61 Mo. 489, as far as it is applicable to this case, is in accordance with the cases above cited. (3) The lower court did not err in permitting W. H. Lowe to testify as to the amount of work done by Lowe & McFall, as subcontractors for appellants, and as to the value of work, amount due, etc. The witness testified that "he knew about the amount of work done, but not exactly." (4) Where it is stipulated in a contract that the work to be done under it is to be paid for upon the estimates of an engineer, to be made at stated times, if the engineer makes only approximate estimates, and *a fortiori* if he makes none at all, the contractors may recover for the whole amount of work done as measured by the contract price, as well that of which no estimate has been made as that which has been estimated. *Bean v. Miller*, 69 Mo. 385; *Yeats v. Ballentine*, 56 Mo. 530; *Dutro v. Walter*, 31 Mo. 516; *Potter v. McPherson*, 61 Mo. 240; *Van Buren v. Diggs*, 11 How. (U. S.) 461. (5) The objection that the contract appoints an individual (the chief engineer) to estimate the work, decide all matters of dispute and to certify the amount of work done, etc., is without merit. That provision of the contract must be construed in connection with the other provisions, such as the making of monthly estimates, the payment of monthly installments, etc. It presupposes that the other provisions of the contract are also performed. *Bean v. Miller, supra.* (6) The lower court did not err in permitting respondent to prove

by W. G. Bright and N. Curtley statements made by W. E. Rodgers, the appellants' agent and book-keeper. The question of agency is for the jury upon all the evidence in the case. *Barrett v. Railroad,* 9 Mo. App. 226; *White v. Railroad,* 19 Mo. App. 400; *McGinness v. Mitchell,* 21 Mo. App. 493; *Hall v. Jones,* 69 Mo. 587. (7) Statements and declarations made by an agent, while acting within his real or ostensible authority, are admissible against the principal, and bind him. *Meager v. Railroad,* 14 Mo. App. 499; *Peck v. Ritchey,* 66 Mo. 114; *Robinson v. Walton,* 58 Mo. 380; *Scovill v. Glasner,* 79 Mo. 449; *Adams v. Railroad,* 74 Mo. 553. (8) The decisions in *Noffsinger v. Ring,* 71 Mo. 149, and *Roy v. Boteler,* 40 Mo. App. 213, cited by appellants' counsel, have no application in this case.

ELLISON, J.—Plaintiff having recovered a judgment against Lowe & McFall, who were railroad contractors, summoned defendants as garnishees of said Lowe & McFall. It appears that Shepard, Winston & Co. were the original contractors to construct a portion of a line of railway, and that they sublet to defendants, who, in turn, sublet a portion of their contract to Lowe & McFall. The indebtedness thus arising and due from defendants to Lowe & McFall being the matter now in dispute, the only items of this dispute being two, found under the head of "remarks" on the margin of "an estimate."

Defendants answered interrogatories denying that they were indebted to Lowe & McFall. To this answer there was filed the following reply: "Comes now the plaintiff in the above cause, and, for reply to the defendants' answer filed herein, denies each and every allegation in said answer contained. The plaintiff, for further reply to said answer, alleges and charges that at the time the defendants were summoned as garnishees in this cause they were and are now indebted to Lowe &

McFall in the sum of $1,911.69, for work done and labor heretofore done by said Lowe & McFall as subcontractors under the said H. K. Halverson & Co., who were contractors for constructing a portion of the Chicago, St. Paul & Kansas City railroad. Whereupon plaintiff asks judgment against the said H. K. Halverson & Co. for the sum of $1,017.92, the amount due plaintiff by the said Lowe & McFall, together with the interest thereon and costs." Plaintiff recovered, and defendants appeal.

On trial of the issues, the contract between defendants and Lowe & McFall was introduced. It contained much specification and detail as to the work, measurements, price, etc. Among other provisions was the following : "It is further mutually agreed and expressly understood, that the decision of said chief engineer on any point or matter touching this agreement shall be final and conclusive between the parties hereto, and each and every one of said parties hereby waives any and all right of action, suit or suits, or other remedy, in law or otherwise, under this contract, or arising out of the same. And the said first party, in consideration of the fulfillment and performance of all the stipulations contained in this contract by said second party, to be by said party fulfilled and performed, and whenever said work shall have been, in the opinion of the chief engineer, completely finished in every respect, and performed agreeably to the various stipulations and specifications of this agreement, and said chief engineer shall have furnished to said first party a certificate of the fact under his hand, together with his estimate of the quantity of the various kinds of work done by said second party under this agreement, which estimate shall be final and conclusive between the parties hereto, will pay to said second party, their heirs, legal representatives or assigns, within thirty days after said certificates and estimates shall have been furnished by said chief engineer, the sum which may be due under this

contract, agreeably to said estimate, at the following rates and prices "—

I. The only indebtedness to Lowe & McFall which can exist in this case must be such as arises under this contract, and such contract governing the relation between the defendants and Lowe & McFall must, of course, determine plaintiff's rights against defendants as garnishees of Lowe & McFall. An estimate was made by the engineer as contemplated by the contract; and, as under the contract this estimate made by the engineer was to be final and conclusive, it is binding on these plaintiffs, and they should not have been permitted, as they were, to themselves give an estimate of "about" what the work amounted to and about what was owing them. We held in *Roy v. Boteler*, 40 Mo. App. 213, that, where the contract provided for an estimate of the work and certificate thereto by a party therein named, such estimate and certificate must be made as stipulated.

The original counsel for plaintiff has died since filing a brief in this cause, and counsel now in charge of plaintiff's case state, in a supplemental brief, that the reply to defendants' answer to the interrogatories is, in effect, a petition in *quantum meruit*, and not on the contract. But the brief by the original counsel puts the case, not on the contract it is true, but on " *indebitatus assumpsit* to recover the *stipulated price due on a* special contract," such contract having been fully performed. *Mansur v. Botts*, 80 Mo. 651. And in such case the performance of the contract and compliance therewith must be shown. In other words, the terms of the contract govern as fully as if the action was directly on the contract. And so the trial court treated it, as is shown by the instructions and other proceedings.

II. In our opinion it was not proper to receive the testimony of witness Bright as to what one Rodgers told him about what defendants would owe Lowe &

McFall. In the first place, as the case stands, such indebtedness can only be shown by the engineer's certificate, and in the next place Rodgers was not shown to be an agent of the character to bind plaintiffs by his declarations as to their indebtedness. The fact that he paid time checks for them, and was in charge of their "business place" in Savannah without something more in detail to explain his relation to them, is not deemed sufficient to make him an agent with authority to bind by his admissions the defendants as to what they owed on their contract for constructing a railroad. We are not able to ascertain from the record, with any degree of certainty, that Rodgers was in a position to even know what defendants would owe on their contracts, much less to bind them by communicating such knowledge (if he had any) to others. The testimony cited by counsel as showing Rodgers' agency, for the purposes here intended, is not sufficient for the purpose.

III. But there appears to be an insurmountable objection to plaintiff's case. We have seen that the contract governs these parties, and by reference to that portion of the contract above quoted it will be seen that it contains a stipulation that there is nothing owing to Lowe & McFall, at least, nothing due and payable to them until thirty days after there shall have been previously made by the chief engineer of the Chicago, St. Paul & Kansas City Railway Company a certificate that the work had been "completely finished in every respect" according to the various stipulations of the contract, as well as such engineer's certificate to an estimate as to the quantity and kind of work, and that that "estimate shall be final and conclusive between the parties." Now, in this case no such certificates or estimate from the chief engineer was shown, the case was, therefore, not made out, and defendant's demurrer to testimony should have been sustained.

There was in evidence, however, an estimate made and signed by a "division engineer" and a "resident

engineer," and if we should consider either of these as the "chief engineer" spoken of in the contract (which the testimony shows they are not), it would not aid plaintiff's case ; for there is yet lacking a certificate that the work had been completely "finished in every respect" as required by the contract. But, furthermore, the contract provides "that the decision of said chief engineer on any point or matter touching this agreement shall be final and conclusive between the parties hereto." So, if we should consider either the resident or division engineers, who were witnesses, as the "chief engineer" spoken of, we find them each deciding the only points made or questions raised on the estimates against the plaintiffs. Our views as to this case can be better appreciated or understood by looking at it as though the action had been brought by Lowe & McFall against defendants "on common counts" for the stipulated price due on a contract fully executed and performed. It will, then, be clearly seen that there is an attempt to recover the stipulated price under a special contract without showing compliance with conditions which are precedent in absence of fraud to anything being due on the contract.

Our conclusion is that the judgment should be reversed and cause remanded.   All concur.