GEORGE GOODMAN, Defendant in Error, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, May 31, 1897.

1. **Common Carriers**: ACTION AT COMMON LAW: SPECIAL CONTRACT: MEASURE OF DAMAGES. In an action at common law against a carrier for damage to goods shipped, the defendant may set up a special contract limiting the measure of damages; and, where such special contract binds the plaintiff to a maximum sum of $5 per one hundred pounds in case of total loss, in case of partial loss he can only recover the proportionate value fixed by the contract and not on the basis of the actual value of the goods.

2. ———: MEASURE OF DAMAGES: INTEREST. In an action against a carrier for damages for injury to goods shipped, interest from the date of shipment may be allowed as part of the damages, since the action is for breach of contract of safe shipment.

*Error to the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*George P. B. Jackson* and *Hugh C. Ward* for plaintiff in error.

(1) At plaintiff's request the court instructed the jury as follows, to wit: "If you find for plaintiff, your verdict will not exceed the sum of $43.50 with interest at the rate of six per cent per annum from May 6, 1893, which interest you will add to the amount found, and return same as one sum in your verdict." This

instruction is clearly erroneous in allowing plaintiff to recover interest as a matter of right from date of defendant's delivery of the household goods and furniture to him to the date of trial. Section 4430, Revised Statutes 1889: "The jury on a trial of an issue, or on any inquisition of damages, may, if they shall think fit, give damages in the nature of interest over and above the value of the goods at the time of conversion or seizure." *State ex rel. v. Hope*, 121 Mo. 34; *De Steiger v. R. R.*, 73 Mo. 33; *Meyer v. R. R.*, 64 Mo. 542; *State ex rel. v. Harrington*, 44 Mo. App. 297; This instruction is also vicious in that it is an invitation to the jury to assess plaintiff's damage at $43.50. *Damhorst v. R. R.*, 32 Mo. App. 350. (2) The verdict in this case is against the law. At defendant's request the court gave the following instruction: "The court instructs the jury that the bill of lading and the agreement dated May 1, 1893, and signed by George Goodman, read in evidence, together constituted the contract of carriage of the goods mentioned in the bill of lading, and fixed the rights and liabilities of the parties, and the court further instructs you that under said contract the plaintiff is only entitled to recover on and at the rate of a valuation of $5 per one hundred pounds of goods shipped by him, and to entitle him to recover in this case it devolves on him to establish by the evidence in the case that his said goods were damaged after he delivered them to defendant at Dallas and before he received them at Kansas City, and to show the nature and extent of such damage and the amount thereof at a valuation of the articles injured at the rate of $5 per one hundred pounds, and unless he has so established to your satisfaction, your verdict must be for defendant." That this instruction correctly states the law applicable to the case at bar is settled by *R'y v. Lesser*, 46 Ark. 236, and *Pearse v. Steamship Co.*, 24 Fed. Rep.

286. The instructions given by the court warranted no such verdict. The verdict being against the law and instructions of the court, we respectfully submit the judgment rendered thereon should be reversed.

*I. J. Ringolsky* for defendant in error.

(1) On the question of the manner in which this plaintiff sought to charge the defendant in his complaint, we have to say that one who gives property to a common carrier to be carried by such carrier from one point to another, can sue on the contract of carriage whether it be expressed or implied or can sue on the common law liability of such carrier and, if the carrier has a contract which relieves it in a degree from this common law liability as a carrier, it can set up such a contract in its answer to the cause of action brought by the plaintiff. This doctrine is well established in our courts. *Witting v. R. R.*, 28 Mo. App. 103; *Clark v. R. R.*, 64 Mo. 440. (2) The third point raised by the appellant is the fact that the plaintiff was permitted to recover the amount of his loss with interest at the rate of six per cent per annum from May 16, 1893, and the appellant cites section 4430 of our Revised Statutes 1889, and the case of *Robertson v. Hope*, 121 Mo. 34. That section of the statute only refers to cases of conversion and seizure.

ELLISON, J.—Plaintiff shipped his household goods over defendant's road from Dallas, Texas, to Kansas City, Missouri. He alleges that he received them in Kansas City in a damaged condition, the damage being the result of defendant's careless handling. He brought this action against defendant, alleging the damage to the furniture to be $43.50. He recovered that sum, with six per cent interest added. It appeared in the

Goodman v. M., K. & T. R'y Co.

evidence given in plaintiff's behalf that there was a written contract of shipment, whereby in consideration of a reduced rate, plaintiff placed a valuation of $5 per hundred pounds on the goods shipped and agreed that in case of damage done to the goods by defendant he should only recover for actual damage done which in no case should exceed the valuation aforesaid.

It appearing that the shipment was made under a special contract, such contract will govern, notwith-standing the action, as brought, seeks to hold defendant on its common law liability as a carrier. We see no reason why the rule as stated in the following cases of suits on *quantum meruit*, where a special contract is shown, should not apply. *Hull v. Cooper*, 36 Mo. App. 393; *Iron Works v. Halverson*, 48 Mo. App. 391; *Mansur v. Botts*, 80 Mo. 651; *Plummer v. Trost*, 81 Mo. 430.

COMMON carriers: action at common law: special contract: measure of damages.

By the terms of the special contract shown in this case, plaintiff could not have recovered if there had been a total loss of any article of furniture more than $5 per hundred pounds. It is clear that for a partial loss of such article he should not recover on a basis of the actual value of the goods, but only the proportionate value fixed by the contract, and so the trial court instructed the jury. *Pearse v. Steamship Co.*, 20 Fed. Rep. 285; *Railway v. Lesser*, 46 Ark. 236. But the jury seem not to have heeded such instruction. The evidence in plaintiff's behalf tended to show the actual loss or damage to the goods, without reference to the limit fixed by the contract and the verdict shows that he was permitted to recover the actual amount of damage without reference to a proportionate reduction made necessary by the contract.

2. It is also contended that error was committed in directing the jury to allow interest on the amount of

—: measure of damages: interest.

damages shown. The point is not well taken. In this state there are cases where interest is recoverable as a matter of right. And others where the jury may or may not allow interest as they see fit. *State ex rel. v. Hope,* 121 Mo. 34. There are yet others where interest can not be allowed. To the latter class belong damages for killing stock, or setting out fires. *DeStieger v. Railway,* 73 Mo. 33; *Meyer v. Railway,* 64 Mo. 542; *State ex rel. v. Harrington,* 44 Mo. App. 297. But this case seems to belong to the first class. It seems to have been so ruled in the cases of *Dun v. Railway,* 68 Mo. 278, and *Gray v. Packet Co.,* 64 Mo. 50.

Defendant has cited us to *State ex rel. v. Hope, supra,* in support of his contention that the jury should not have been directed to allow interest. We think that case is not in point. That case gives an authoritative and undoubtedly correct interpretation to the statute. R. S. 1889, sec. 4430. But that case was where goods had been seized and converted and though the supreme court had not, for many years (possibly not since its enactment) been giving effect to the statute, yet it must now be heeded in all cases embraced within its terms. But, as before stated, we think this case is not within its meaning. This case is really for damages for breach of contract of safe shipment. It falls closer to such in character of cases as *Padley v. Catterlin,* 64 Mo. App. 629. And it is at any rate governed by the *Dun* and *Gray* cases, *supra.*

The judgment is reversed and cause is remanded. All concur.