THEODORE BLUM, Respondent, v. VERSTEEG GRANT SHOE COMPANY, Appellant.

St. Louis Court of Appeals, December 27, 1898.

Quantum Meruit: GENERAL DENIAL: COUNTERCLAIM: INSTRUCTION. In the case at bar the trial court, in effect, told the jury that the burden of proof rested upon plaintiff as to the cause of action set forth before the justice, and that it rested upon defendant as to the counterclaim in the answer filed before the justice. Held, that there was no error in the instruction.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

J. W. BENSTEIN for respondent.

Where affirmative relief is asked by defendant the
burden of proof is upon defendant as to its counter-
claim. Church v. Fagin, 43 Mo. 123; Leveridge v.
Lipscomb, 36 Mo. App. 630.

LEE W. GRANT for appellant.

Where both plaintiff and defendant claim under a
special contract but differ as to its conditions the
burden of proof is on the plaintiff. Hull v. Cooper, 36
Mo. App. 389; Leveridge v. Lipscomb, 36 Mo. App.
630, loc. cit. 634.

BOND, J.—This is an action begun before a justice
for $87.50, alleged to be the reasonable value of plain-
tiff's services from February 1 to February 15, 1897,
and which it is alleged defendant agreed to pay. De-
fendant filed a written answer, first, denying its in-
debtědness to plaintiff, and further alleging by way of
counterclaim, that it hired plaintiff for one year from
October 15, 1896, and agreed to pay him a graduated
salary dependent upon the sales of goods made by him
as its agent, and permitting him to draw a monthly
sum on salary account, upon the proviso that when a
settlement should be had between the parties at the
end of the year any excess which plaintiff might have
received on such drafts over the amount of salary due
him, according to the stipulated basis, should be repaid
to defendant, who on the other hand would make good
to plaintiff any balance due him on said basis, after

deducting what he might have drawn during the year. The counterclaim further alleged that under this special agreement plaintiff remained in defendant's employ four months, after which he abandoned it, without cause, and by reason of his overdrafts in the meantime was then indebted in the sum of $112.50 to defendant, for which it asks judgment. Upon the issues thus presented there was a judgment before the justice, and an appeal to the circuit court, where the plaintiff had judgment on his cause of action, and against defendant on the counterclaim, from which the latter appealed to this court.

It appeared on the trial that for the year prior to September, 1896, plaintiff was employed as salesman of defendant at a salary of $175 per month; payable in semimonthly instalments of $87.50. On that date, according to plaintiff's evidence, there was a discussion between the parties upon a proposition of defendant to reduce plaintiff's salary $25 each month; which resulted in the rejection of the proposal by plaintiff, and the acquiescence therein of the general manager of the defendant corporation, who consented that the old rate and method of payment should continue. According to defendant's testimony, at the time and occasion mentioned, plaintiff entered into a special contract to serve defendant for one year for the consideration and upon the conditions pleaded in the counterclaim of this suit. It is undisputed that after this date plaintiff continued for about four months in defendant's employ and drew $87.50 every fifteen days of that time, except the first fifteen days of February, 1897; that he quit the defendant's employ at that time upon notice to it and without objection. By its instructions the court in effect told the jury that the burden of proof rested upon plaintiff as to the cause of action set forth in the statement before the justice,

and that it rested upon defendant as to the counter-claim in the answer filed before the justice. Under the pleadings and the facts adduced on the trial there was no error in this instruction. The complaint of appellant that the court erred on this point arises from a misconception of the law applicable to the state of this record. The rule is elementary which casts the burden of proof upon the party who asserts the affirmative of an issue. The answer in this case first denied plaintiff's cause of action, and secondly, pleaded a right of the defendant to a judgment against plaintiff for $112.50, growing out of the alleged breach by plaintiff of a special contract. This contract was not admitted by plaintiff. On the contrary, his testimony tends to disprove it, hence it is clear there could be no recovery of the affirmative relief, unless the burden of proof resting upon defendant was discharged by the adduction of evidence tending to substantiate its counterclaim. The state of the pleadings between the parties show an action by the plaintiff for a *quantum meruit*, a general denial by defendant, and the averment of a counterclaim for affirmative relief. The case having originated before a justice no further written pleadings were filed, and it went to trial as if a general denial to the counterclaim had been interposed. Plaintiff's evidence tended to prove his cause of action, and that given by defendant tended to sustain its counterclaim. Under these circumstances the court would have committed reversible error if it had not instructed the jury that the burden of proving the counterclaim rested upon defendant. Glover v. Henderson, 120 Mo. loc. cit. 382; Church v. Fagin, 43 Mo. 123. The principal announced in the case first cited is exactly in point upon the matter under review. In that case the suit was in the circuit court and brought by an agent against his principal. It set out a contract of employ-

ment, alleged the rendition of service, and expenditure of money thereunder, a wrongful discharge, and asked judgment for the value of the service rendered and the money expended.

Defendant's answer was a general denial and a counterclaim upon a special contract. Issue was taken by reply. It was held that the action was upon a *quantum meruit* and that the trial court did not err in refusing defendant's instruction imposing the general burden of proof of the issues joined upon the plaintiff. The court said: "The obligation to prove any fact is upon the party who asserts the affirmative of the issue. As to this counterclaim the defendant asserted the affirmative, and the burden was upon him to show that by the agreement the plaintiff was to sell the property for a commission of $1 per front foot. Under the issues thus made the plaintiff could show as he did, that the contract was as alleged by him in his petition, and thereby defeat the counterclaim, but the burden of proof upon the counterclaim did not rest upon him. It rested upon the defendant." That case is decisive of the correctness of the instruction of the trial court as to the proper measure of the burden of proof upon each of the parties in this action, and it is adverse to the contention of appellant. No error being assigned as to any other matter, the judgment is affirmed. All concur.