MANSUR v. BOTTS, *Appellant*.

1. **Pleading;** SPECIAL CONTRACT: COMMON COUNTS: CODE. Where a special contract has been fully executed, and nothing remains to be done but to pay the stipulated sum of money due thereon, the common counts in *indebitatus assumpsit* will lie to recover the same. This was the rule at common law, and it has not been changed by the code.

2. **Evidence:** SPECIAL CONTRACT: AMOUNT OF RECOVERY. But the

| | |
|---|---|
| 80 | 651 |
| 36a | 393 |
| 38a | 208 |
| 80 | 651 |
| 40a | 24 |
| 80 | 651 |
| 44a | 413 |
| 80 | 651 |
| 48a | 391 |
| 80 | 651 |
| 112 | 491 |
| 80 | 651 |
| 113 | 107 |
| 80 | 651 |
| 64a | 77 |
| 64a | 397 |
| 80 | 651 |
| 65a | 270 |
| 80 | 651 |
| 71a | 463 |
| 80 | 651 |
| 77a | 71 |
| 80a | 6 |
| 80 | 651 |
| 165 | 70 |

plaintiff having introduced the special contract in evidence, is limited in his recovery to the sum specified therein, although in his petition he declared on a *quantum meruit*.

3. **Practice, Civil**: INSTRUCTIONS. Instructions should be predicated on the whole evidence, and present, for the consideration of the jury, the different aspects of the questions at issue, as shown by the pleadings and evidence.

*Appeal from Linn Circuit Court.* — HON. C. BOARDMAN, Special Judge.

REVERSED.

*L. T. Collier* for appellant.

As the plaintiff (respondent here) sues upon an account and seeks to recover as upon a *quantum meruit*, for his legal services rendered in the suits mentioned in his petition, the court erred in permitting respondent to introduce evidence tending to show a special contract fixing his compensation for said services in the two suits against the sheriffs of Linn county, for the following reasons:

1. Because the special contract disclosed by the testimony constitutes a different cause of action from that alleged in the petition, and requires other and different proof to sustain the same. 2. Because said testimony in relation to a special contract, was in contradiction of the allegations of the petition, and set up a new and distinct cause of action. 3. Because said testimony as to a special contract tended to mislead the jury as to the real issues in the cause, and to exert an improper influence upon them in making up their verdict. In support of the proposition here laid down, appellant cites the following authorities: *Stollings v. Sappington*, 8 Mo. 119, and authorities therein cited; *Chambers v. King*, 8 Mo. 319; *Butcher v. Death*, 15 Mo. 275; *Link v. Vaughan*, 17 Mo. 586; *Duncan v. Fisher*, 18 Mo. 403; *Beck v. Ferrara*, 19 Mo. 30; *Pullis v. Sims*, 34 Mo. 249; *Bank v. Armstrong*, 62 Mo. 65; *Boone v. Stover*, 66 Mo. 436; *Lamplin v. Collier*, 69 Mo. 173; *Carson v. Cummings*,

69 Mo. 332; *Faulkner v. Faulkner*, 73 Mo. 335. The court erred in giving instructions numbered three and four, asked by respondent, and in refusing to give number seven for appellant.

*A. W. Mullins* for respondent.

The lower court did not err in admitting the evidence of the plaintiff with respect to a special contract between him and defendant, for the compensation plaintiff was to receive for his services in the two sheriff cases, nor in refusing defendant's demurrer to the evidence, at the close of plaintiff's testimony.    *Stout v. St. Louis Tribune Co.*, 52 Mo. 342; *Yeats v. Ballentine*, 56 Mo. 530; *Eyerman v. Mt. Sinai, etc.*, 61 Mo. 489; *Davis v. Brown*, 67 Mo. 313; *Dutro v. Walter*, 31 Mo. 516; Wood on Master and Servant, pp. 352, 353, 355; *Dermott v. Jones*, 2 Wall. 1; *Chesapeake & Ohio, etc., v. Knapp*, 9 Pet. 541; 2 Smith L. C., top pp. 23, 38, 39, 44; *Felton v. Dickinson*, 10 Mass. 287; *Knight v. Co.*, 2 Cush. 271; *Kelley v. Phelps*, 57 Wis. 425. Plaintiff was entitled to recover for his services upon a *quantum meruit*, notwithstanding the cases resulted unfavorably to Botts. Wood on Master and Servant, pp. 352, 353; *Rose v. Speise*, 44 Mo. 20. The court committed no error in refusing appellant's instruction number seven, as there was no evidence to base it on. The amount found by plaintiff fell below the sum to which he would have been entitled, had the special contract been taken as a basis with respect to the sheriff cases. Upon the whole record, the judgment is right and should be affirmed.

Philips, C.—This is an action in *assumpsit* by plaintiff, Mansur, to recover for services as an attorney at law rendered by him to defendant, in three suits in the Linn circuit court. The action is in form as for a *quantum meruit*, accompanied with an itemized account.

The answer, after denying the allegations of the peti-

tion, except as thereinafter admitted, avers that the suits for which plaintiff sues for services, were brought at the instance of plaintiff, and that he agreed to attend to the same, as an attorney, on condition that, if he did not succeed in realizing the money sought to be recovered in some one of them, he would not charge the plaintiff anything for his services. That the plaintiff failed to recover judgment in either of the said cases. It is then further alleged that the failure therein was occasioned by the default, negligence and unskillfulness of plaintiff as such attorney. By way of counter-claim, the defendant asked judgment against plaintiff on a note executed by plaintiff to defendant, dated August 14th, 1875, for $104.90, with ten per cent interest thereon from date, to be compounded if not paid annually. The reply was a general denial of all the allegations of the answer.

On the trial of the cause before a jury, the plaintiff, against the objection of the defendant, was permitted to testify to a special contract in respect of his services in two of said actions. As to one of said suits the plaintiff's testimony tended to show that he attended to it at the request of defendant, without any stipulation as to the amount of his fee. Plaintiff gave evidence as to the reasonable value of his services in all of the cases.

The defendant, at the close of plaintiff's case, asked the court to instruct the jury as follows: "It appearing from the testimony of the plaintiff that there was a special contract between plaintiff and defendant, as to compensation for plaintiff's services in the two suits brought against Brott and Chesround, and this suit being brought on account, or *quantum meruit*, the plaintiff cannot recover in this action as to said two suits." The court refused to so instruct the jury, and the defendant excepted. The defendant's evidence tended to support the issues tendered in the answer. The note executed to him by defendant, set up as a counter-claim, was read in evidence, and corresponded with the plea. The jury found for the plaintiff in the sum

of $50, in addition to the amount of the note due from plaintiff to defendant, for which judgment was accordingly rendered. Defendant has brought the case here on appeal.

I. The principal question discussed by counsel in their briefs is, as to whether the court erred in permitting proof by plaintiff of the special contract. Defendant contends that it was a clear departure from the issues tendered in the pleadings; that the action being on an account, as for a *quantum meruit*, it, in effect, said there was no special contract as to any part of the services rendered. It is a rule of the common law long established, that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract, where the contract has been fully executed, and it is not necessary in such case to declare upon the special contract. *Bank of Columbia v. Patterson*, 7 Cranch 333. In *Chesapeake & O. C. Co. v. Knapp*, 9 Pet. 565, Mr. Justice McLean very succinctly stated the rule thus : " There can be no doubt that where the special contract remains open the plaintiff's remedy is on the contract, and he must set it forth specially in his declaration. But if the contract has been put an end to, the action for money had and received lies to recover any payment that has been made under it. * * But if the contract remain open, the plaintiff's demand for damages arises out of it, and then he must state the special contract, and the breach of it. It is a well settled principle, where a special contract has been performed, that a plaintiff may recover on the general counts." So in *Dermott v. Jones*, 2 Wall. 9, Mr. Justice Swayne says : " While a special contract remains executory, the plaintiff must sue upon it. When it has been fully executed according to its terms, and nothing remains to be done but the payment of the price, he may sue on the contract, or in *indebitatus assumpsit*, and rely upon the common counts. In either case the contract will determine the rights of the parties." This may be considered as the generally accepted doctrine. *Felton v. Dickinson*, 10 Mass. 292 ; *Knight v. New Eng. W. Co.*, 2 Cush. 271. Nor can it be

maintained, as suggested, that there is anything in the provisions of our code of practice which renders the rule inapplicable in this State.    For in *Stout v. St. Louis Tribune Co.*, 52 Mo. 347, this court declared the common law rule in all its force, as above stated.    This point is, therefore, ruled against the appellant.

II.    But, the plaintiff having introduced in evidence the special contract, he was clearly, as to the fee for the two cases named in the special contract, limited in his recovery to the sum specified therein.    His evidence as to this matter was, that the defendant requested him to bring the two suits against Brott and Chesround, and if plaintiff did not bring them he must pay the note mentioned in the answer ; that being hard run, he consented that if he (defendant) would get some local attorney in Linneus to assist, he would bring the suits and attend to them, provided the defendant would surrender to him his note and pay his expenses ; that defendant so agreed, and plaintiff rendered the services in said two cases accordingly·    The evidence indicates that the local counsel assisted on defendant's behalf at his instance.    But the trouble arises on the instruction asked by plaintiff and conceded by the court.    It is as follows :

1.    If the jury believe from the evidence that the plaintiff rendered the services for the defendant, as claimed in the petition, and at his request, then the jury should allow plaintiff the reasonable value of his said services, as shown by the evidence, and if such amount so found to be due to plaintiff exceeds the amount due on the note due from the plaintiff to defendant, and filed with defendant's answer, the jury should make their verdict in favor of plaintiff for such balance.

From which it is manifest the plaintiff, notwithstanding his own evidence, proceeded as for a *quantum meruit*, regardless of the designated consideration for the services in the two suits.    On plaintiff's evidence, pressed by him

before the jury, the limit of his recovery for services in two of the suits was the amount of the note held by defendant against him, and plaintiff's expenses. It is true, that in a succeeding instruction, the jury, on plaintiff's request, were instructed that if " there was no certain fee agreed on, then plaintiff was entitled to a reasonable compensation." But it is impossible to say which of the two facts in dispute the jury found for the plaintiff. If they found there was no contract whatever, except such as the law implies, where one person at another's request renders him service without any stipulated sum therefor, then the question might arise whether the finding was not contrary to all the evidence, and in spite of the evidence of both parties. For the plaintiff swore to a special contract, a stipulated sum, and the defendant swore he was to pay nothing. It is suggested by plaintiff's counsel, as if apprehensive of error in this particular, that no harm was done to the defendant, as the sum found above the amount owing by plaintiff to the defendant was only $50 ; whereas the evidence showed the value of plaintiff's service in the third suit to be reasonably $100. We have, in our desire to do no injustice, and to avoid the necessity of a new trial, to either party's detriment, carefully considered this argument. But we are bound by the record before us. The field of conjecture is forbidden to us. Plaintiff examined only two witnesses. One placed the sum of $75 on the plaintiff's services for each of the two cases against the sheriffs, Brott and Chesround, and $100 on the third suit, while the other witness fixed a sum of $250 in gross on all the cases. How much, therefore, the jury found the value of plaintiff's services in each of the cases, is impossible of ascertainment. They evidently fixed upon a sum less than that stated by the witnesses. If it be argued that they found the special contract to have been made, and, therefore, allowed the plaintiff the $50 on account of the third suit, how is the conclusion to be maintained, in view of the fact that the undisputed evidence was, that the service in the third suit was worth one-

42—80

half more than in either of the other two? The jury accredited under that theory the single evidence of the plaintiff in finding the existence of the special contract, while they, regardless of the evidence of all the witnesses, fixed the sum at just one-half for the services in the third suit. It may have been a compromise verdict, which, unfortunately for the sanctity of the jurors' obligations, too frequently, perhaps, occurs. Be the truth as it may, it is impossible for the court to ascertain, with any judicial reliance, the theory on which the jury reached its conclusion. In such conjecture the only guide for the court is to determine whether the law was properly declared by the trial court to the jury.

Instructions should be predicated on the whole evidence, and present, for the consideration of the jury, the different aspects of the questions at issue, as shown by the pleadings and evidence. The plaintiff claimed, under his testimony, that there was a special contract as to the fees in two cases, and as to the third he claimed as for a *quantum meruit;* while the defendant denied the special contract, or that he was to pay anything. The plaintiff's instructions should, at least, have covered both questions based on his own evidence, and expressly limited the jury in their finding, on the first issue, to the amount of the note. *Sigerson v. Pomeroy,* 13 Mo. 620; *Mead v. Brotherton,* 30 Mo. 201; *Clark v. Hammerle,* 27 Mo. 70; *Fitzgerald v. Hayward,* 50 Mo. 516. An instruction is equally faulty whether it enlarges or restricts the issues. *Iron Mt. Bank v. Murdock,* 62 Mo. 70.

It follows that the judgment of the circuit court must be reversed and the cause remanded. All concur.