J. R. CRUMP, Respondent, v. C. REBSTOCK, Appellant.

**St. Louis Court of Appeals, December 8, 1885.**

CONTRACT—QUANTUM MERUIT.—The reasonable value of services rendered may be recovered, upon proof of an express contract fixing the value of the services, although such recovery will be limited to the contract value.

| 20a | 37 |
| 32a | 110 |
| 20 | 37 |
| 44 | 413 |
| 20 | 37 |
| 64 | 77 |
| 20 | 37 |
| 65 | 271 |
| 20 | 37 |
| 77 | 71 |

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge,

*Affirmed.*

BROADHEAD & HAEUSSLER, for the appellant:   There having been an express contract as to both the nature of the services and the price to be paid, it necessarily results that *quantum meruit* can not be maintained.   In all such instances the action must be on the express contract.   *Andre v. Hardin*, 32 Mich. 324; *Friermuth v. Friermuth*, 46 Cal. 42; *Moore v. Nason*, 48 Mich. 300; *Walker v. Bietry*, 24 La. Ann. 349; *Bull v. St. Johns*, 39 Ga. 78; *Provost v. Carlin*, 28 La. Ann. 595; *Gill v. Vogler*, 52 Md. 663; *Wilder v. Colby*, 134 Mass. 377; *Van Fleet v. Van Fleet*, 50 Mich. 1; *Stout v. Tribune Co.*, 52 Mo. 342.

EDGAR FLEMING, and T. J. ROWE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action for the reasonable value of certain services as a traveling salesman, alleged to have been performed by the plaintiff for the defendant at his special instance and request.   The answer is a traverse of the allegations of the petition and a counter-claim for money paid and merchandise delivered by the defendant to the plaintiff, and for money collected by the plaintiff for the defendant and not paid over, according to an itemized account, which is exhibited.   A reply denied the new matter.   There was a verdict and judgment for the plaintiff in the sum of $134.23.

At the trial the plaintiff gave evidence to the effect that he was employed as a traveling salesman for the defendant between certain dates, and that the reasonable value of his services was one hundred and fifty dollars per month and expenses.   He testified that this was a fair price, and the price usually paid for such services. In his subsequent testimony it appeared that he was employed by the defendant under a distinct contract at a stated compensation.   The defendant's testimony also showed that the plaintiff was employed by him at a stated and agreed compensation.   The only controversy between the parties was as to what that compensation

was. The plaintiff testified that it was one hundred and fifty dollars per month and expenses merely ; the defendant's testimony, supported by that of his book-keeper, was to the effect that the plaintiff was to have one hundred and fifty dollars per month and expenses in the event of his being able to effect sales of goods to the extent of $35,000 per annum ; that if his sales exceeded this aggregate he was to have proportionately more per month and if they fell below this aggregate, he was to have proportionately less.

The defendant, by objections to evidence and by requests for instructions, raised the question whether a party who brings an action for the reasonable value of services can recover by proving a special contract to pay for the services at a certain rate. The court ruled that under a petition so framed the plaintiff can prove the contract price for the services and recover the reasonable value of the services, not exceeding the contract price. The ruling of the circuit court was in conformity with the law as laid down in *Mansur v. Botts* (80 Mo. 651.)

Notwithstanding the rule laid down by the supreme court and very stringently applied in other cases, to the effect that a party can not sue upon one cause of action and recover upon another, we are bound to follow this decision as a recent exposition of the supreme court upon the precise point here in question. We followed it in the case of *Fox v. Pullman Palace Car Co.* (16 Mo. App. 122), although all the members of the court had previously thought that the rule was different ; and I there took the liberty of saying in substance that the spirit of the code requires a party to state his cause of action as it really exists and to prove it as stated. With entire respect for the conclusion of my judicial superiors in the case of *Mansur v. Botts, supra,* I take leave to say that I remain firmly of the same opinion, viewing the question as one of principle, and I do not want the bar to think that I ever had any doubt upon such a question.

This case is a strong illustration of the impropriety of the rule laid down in *Mansur v. Botts.* Here, the

plaintiff, a discharged employe, claiming an unpaid balance from his employers on account of wages, and knowing that the only dispute between him and them is as to the rate of wages at which he was employed, instead of bringing an action upon the contract as he claims it to be, brings it upon a *quantum meruit*. This enables him to get before the jury evidence that the reasonable value of his services was what he claims the contract rate to have been before it transpires that there was a special contract between him and the defendant fixing the rate. Then he admits that there was a special contract fixing the rate, and the real issue for the first time develops itself, not in the pleadings, but in the evidence. Meantime he has succeeded in getting before the jury without objection—for under the pleadings it could not be objected to—certain evidence which is irrelevant to the real issue and highly prejudicial to the defendant. Here the plaintiff in his testimony admits and the defendant in his testimony asserts that he was working at a rate of wages fixed by a special contract. The plaintiff testified that it was at the rate of one hundred and fifty dollars per month and expenses. The defendant testified that it was at a rate which would amount to about ninety dollars a month and expenses. And yet the plaintiff gets evidence to the jury to the effect that the reasonable value of his services was one hundred and fifty dollars per month and expenses, and that this was the price usually paid for such services. Can any one say that such evidence in a jury trial is not prejudicial? If the plaintiff had been obliged to state in his petition a contract for wages at one hundred and fifty dollars per month, as in his testimony he claimed it to be, he would not have been allowed to introduce evidence of the reasonable value of such services, and the admission of such evidence would have been error such as would warrant us in reversing a judgment obtained by him. But under the rule in *Mansur v. Botts*, he accomplished this result by framing such a petition as to conceal his real cause of action, get in the prejudicial evidence before it could be

known that it was irrelevant, afterwards developing his real cause of action in his testimony.

The defendant might possibly have avoided this result by setting up in his answer his version of the contract and alleging its performance. This might have forced the plaintiff to an admission in his reply that there was a special contract fixing the rate of compensation; but even then, the pleadings would have presented this anomaly, that the plaintiff, suing upon one cause of action, had been driven to an admission that his right of recovery, if any existed, rested upon another cause of action. It may be that, in such a confusing state of the pleadings, it would be the duty of the court not to admit evidence of the reasonable value of the services. If so, we shall still have this legal absurdity: that it would be error to admit evidence in support of the essential allegations of the plaintiff's petition, and that the plaintiff could not recover a judgment upon the cause of action stated in his petition.

The above statement of the law, as settled by the supreme court, is a sufficient answer to the substantial point made and insisted upon by the appellant. It should be added in response to the first and second points that the court admitted no evidence as to the reasonable value of the plaintiff's services, nor was any offered after it appeared that there was a special contract fixing his rate of compensation. The point that the instructions were conflicting is not well taken. There is a seeming incongruity between the plaintiff's instruction given and the first instruction given for the defendant, but nothing which could prejudice the defendant under the rule above stated, for under neither could the jury allow the plaintiff compensation at a greater rate than the agreed contract price. There is nothing in the point that there could be no verdict for the plaintiff on the counter-claim under his own evidence, admitting the same to be right. The plaintiff simply admitted that the account exhibited with the counter-claim was a correct statement of the

moneys which he had received from the defendant.
Taking in connection with this, his own testimony,
that it was agreed that he should receive one hun-
dred and fifty dollars per month for his services, irre-
spective of the amount of goods sold, and that of the
sum of $2,650.77, which the defendant's account showed
and he admitted that he had received from the de-
fendant, the sum of $1,900 which he claims was con-
sumed by him in traveling expenses, it appears that
there was a substantial basis in the testimony for a
much larger verdict than that rendered.

The judgment will be affirmed. It is so ordered.
All the judges concur.