THOMAS P. BARNETT, Respondent, v. MARTHA J. SWERINGEN, Appellant.

St. Louis Court of Appeals, November 29, 1898.

1. **Pleading**: CONTRACT: QUANTUM MERUIT. It is the established law in this state that when a contract has been fully performed and nothing remains to be done except to pay the stipulated price, the party performing may ignore the contract in his pleading and sue on contract, as for *quantum meruit*.

2. ———: ———: ———: PRACTICE, TRIAL. If upon a trial in such an action the contract is admitted or is proved, the right to recover will be governed by it.

3. **Contract, Construction of.** When in a contract services are to be performed by plaintiff *"entirely to the satisfaction of defendant"* it is held that this condition only requires that defendant should get such service as she was reasonably and legally entitled to under the contract.

4. **Evidence**: REASONABLE VALUE OF SERVICES UNDER SPECIAL CONTRACT. In the case at bar evidence of reasonable value of services is admissible, upon the ground that the price to be paid is not such an essential element of a special contract as to render proof of the exact price essential to a recovery.

5. **Instructions**: PRACTICE, TRIAL: DUTY OF TRIAL JUDGE. It is not the duty of the trial judge to prepare instructions.

6. ———: ———: ———: ATTORNEY MUST PREPARE INSTRUCTIONS. The attorney must prepare and present instructions to the court, and when all the instructions presented are essentially erroneous, it does not then devolve upon the court to prepare a correct charge.

7. ———: ———: READING DECISIONS OF SUPREME COURT TO THE JURY. It is within the discretion of the court to allow counsel to read from the decisions of the supreme court to the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

R. GRAHAM FROST and JULIUS L. FOY for respondent.

Where a contract has been fully completed on the part of the plaintiff and nothing remains but the payment of the stipulated price he may sue in assumpsit: and on the other hand if plaintiff has not in every respect fulfilled his contract, still if defendant has possessed and enjoyed the results thereof, then plaintiff can recover what his services, labor or material were reasonably worth, less any damages resulting to defendant from plaintiff's failure to comply with his contract: and therefore in the case at bar the evidence introduced by respondent for the purpose of showing the reasonable value of his services as architect and the value and character of the work done by the contractors was properly admitted under the pleadings. Moore v. Gauss & Sons Mfg. Co., 113 Mo. 93–108; Rude v. Mitchell, 97 Mo. 365; Globe Light & Heat Co. v. Doud, 47 Mo. App. 439; Long Bros. v. J. K. Armsby Co., 43 Mo. App. 253; Jones v. Packet Co., 43 Mo. App. 398; Phillippi v. McLean, 5 Mo. App. 579; Heman v. Compton Hill Co., 58 Mo. App. 480–483; Buschmann v. Bray, 68 Mo. App. 11; Halpin v. Mfg. Co., 54 Mo. App. 371; Williams v. Railroad, 112 Mo. 463; Linnekohl v. Winkelmeyer, 54 Mo. App. 570–572; Yeats v. Ballantine, 56 Mo. 530, and cases cited; Williams v. Porter, 51 Mo. 441. There is no distinction between the principle governing recovery in the case at bar and that

applicable to building contracts. Moore v. Gauss & Sons Mfg. Co., 113 Mo. 93, 108; Halpin v. Mfg. Co., 54 Mo. App. 371. Where a contract is to be executed to the approval or satisfaction of another, and the action is on a *quantum meruit*, such approval or satisfaction need not be proved and such provision is of no avail as a defense; the question of substantial compliance being one of fact for the jury. Cases *ut supra* and especially Yeats v. Ballantine, 56 Mo. 350 and cases cited; Williams v. Railway, 112 Mo. 463–498. The court did not commit error in overruling appellant's demurrer to the evidence and in refusing the instructions offered by appellant. The court was not in error in refusing to instruct the jury on its own motion before the arguments, if such was the case. Hall v. Hall, 107 Mo. 101–111; Mitchell v. Bradstreet Co., 116 Mo. 226–243; Coleman v. Drane, 116 Mo. 387–394; Clark v. Hammerle, 27 Mo. 55–70. The court was not in error in refusing to permit counsel to read to the jury extracts from the reports of the supreme court. State v. Klinger, 46 Mo. 230.

RUSSELL & ALDERSON for appellant.

Though the petition in this cause declared in *assumpsit*, as for a *quantum meruit*, yet when the written contract between the parties was introduced in evidence it at once became the foundation of the suit, and proof of the performance of its conditions by the respondent was precedent to his right to recover. This cause, being for personal services, is not within the rule which concerns and is applicable to building contracts. Lowry v. Farmington, P. & M. Co., 65 Mo. App. 266; Fox v. Pullman Palace Car Co., 16 Mo. App. 122; Scott v. St. Louis Tribune Co., 52 Mo. 342; Mansur v. Botts, 80 Mo. 651; White v. Wright, 16 Mo.

App. 551; Haizler v. Owen, 61 Mo. 271; Crump v. Rebstock, 20 Mo. App. 36; St. Joseph Iron Co. v. Halverson, 48 Mo. App. 383. This suit being to recover for the value of personal services and the evidence disclosing the contract between the parties, the measure of damages is the contract sum; no more and no less. It was palpable error for the court to admit evidence as to the reasonable value of the services of the respondent. Lowry v. Farmington P. & M. Co., 65 Mo. App. 266; Fox v. Pullman Palace Car Co., 16 Mo. App. 122; Crump v. Rebstock, 20 Mo. App. 36; White v. Wright, Mss. Opinion, 16 Mo. App. 551; Southerland on Damages [2 Ed.], sec. 678; Seibert v. Householder (Pa.), 10 St. R. 784. Although this suit was instituted to recover for personal services contracted to be performed in the erection of buildings, the court permitted the respondent to introduce evidence to show that the building contractors had performed their part of their contract. The court also permitted witnesses called by the respondent to testify that the buildings were strongly constructed, although material variances were made from the plans and specifications. A witness who had never seen either the plans or specifications was permitted to testify that the work on the buildings was well done, though it was the duty of the respondent, under his contract with the appellant, to require the building contractors to comply with the plans and specifications. When the court had refused to give any of the instructions presented by the respondent and the appellant, the appellant requested it to give some instruction to the jury upon the propositions of law involved, which the court refused to do. This was fatal error on the part of the court, after having refused all the instructions offered by the parties. Wilson v. Petty, 21 Mo. 417; Talbott's Executor v. Hearns, 21 Mo. 427. The harmful error of the court

in refusing to instruct the jury at all was aggravated by its refusal to permit appellant's counsel, in argument, to read to the jury from an opinion of the supreme court of Missouri an extract upon the propositions involved; and by refusing to permit appellant's counsel to argue the law as well as the facts to the jury. Hannah v. State, 79 Pa. (6 Lea) 201; Weeks on Attorneys, p. 246; Thompson on Trials, sec. 951. The instruction offered by appellant correctly presented the law and should have been given.

BIGGS, J.—The cause of action stated in the second count of the petition is in assumpsit to recover for services rendered by plaintiff as an architect in drawing the plans and specifications for two houses which the defendant erected, and for superintending their construction. The action is in form as for a *quantum meruit*. The plaintiff alleges that the reasonable value of his services is $1,593.70; that of said sum the defendant has paid $700, leaving a balance due plaintiff of $893.70, for which he asks judgment.

The answer contains a general denial. It was further alleged that plaintiff and the defendant entered into the following contract, under which the former undertook to perform the services, the value of which he seeks to recover in this action:

"Whereas, Martha J. Sweringen is the owner of a certain lot of ground on the south side of Pine street in block 3892 of the city of St. Louis, Missouri, having a front of a 130 feet on the south side of Pine street, by a depth southwardly of 213 feet 2 1-4 inches, the eastern line of which is parallel to the western line of Taylor avenue and 100 feet distant therefrom; and, whereas, Martha J. Sweringen is desirous of erecting two houses on said property for residence purposes, to cost not over the sum of $15,000 each when entirely

completed including mantels, steam heat or hot water heating, etc.; and, whereas, Thos. P. Barnett, an architect of the city of St. Louis, Missouri, is desirous of doing the architectural work necessary in the erection of said houses, on certain terms and conditions as hereinafter stipulated and agreed on between the parties hereto;

Now, therefore, this agreement, entered into between Martha J. Sweringen, party of the first part, and Thos. P. Barnett, party of second part,

Witnesseth: That said Martha J. Sweringen hereby engages said Thos. P. Barnett, architect, to draw plans and specifications, including details and to superintend the erection of two houses as above specified on the following conditions: Thos. P. Barnett is to draw plans and specifications, details, superintend the erection of said two houses, entirely to the satisfaction of the said Martha J. Sweringen for a commission of five per cent (5%) to be paid in cash, one half when the contract is let, and one half when the houses are completed, to the satisfaction of the party of the first part. It is understood and agreed that unless the said plans are entirely satisfactory to said party of the first part, and unless she sees fit to go ahead with the erection of the said houses, the said Barnett will not make any charge, as is usually the case; said Barnett agreeing to draw said plans and specifications as above mentioned, *first*, to be satisfactory to said Martha J. Sweringen, and *second*, even if said plans and specifications are satisfactory and the houses can not be erected complete within the limit of $15,000 each (including mantels and heating apparatus), then the plans, etc., shall be returned to said Barnett and this contract be null and void; and said Martha J. Sweringen shall not be compelled to pay for drawing said plans and specifications.

"It is further understood and agreed between the parties hereto that said Martha J. Sweringen desires to employ Thos. P. Barnett personally in the matter, and not the firm of Barnett, Haynes & Barnett.

"In Witness Whereof, the parties hereunto have set their hands and seals this — day of October, A. D. 1895."

The answer contains the further allegation that the respondent had not performed his part of the foregoing contract, but had violated it, in this, to wit, that the houses were not constructed according to the plans and specifications, and that they were not completed to the *satisfaction* of the appellant, and that the plaintiff did not give his personal attention and services in performing the contract, but delegated to others the performance of the duties, and further that the houses could not and were not erected at a cost of thirty thousand dollars or less, wherefore the defendant claimed that plaintiff was not entitled to any compensation for his services.

In the reply the plaintiff admitted the contract, and that the services sued for were rendered under it. He averred, however, that he had performed the contract in all respects according to the directions and consent of the defendant. He admitted that he was absent from the city for about three weeks during the construction of the building, and that during his absence the work was supervised by one of his partners, but he averred that this was acquiesced in by the defendant. He also admitted that the houses cost something over $30,000, but he claimed that this was the fault of the agent of the defendant, who assumed to let and did let the contract for the heating of the houses without consulting the plaintiff; that the contract price for all the other work was $28,046; that the heating apparatus

could have been put in for $1,600, which would have made the total cost of the building only $29,646.

Upon a trial and submission of the cause the jury returned a verdict for $832, upon which a judgment was entered. After unsuccessfully moving for a new trial, the defendant has appealed, and she complains of the action of the court (1) in overruling her demurrer to plaintiff's evidence; (2) admitting evidence as to the reasonable value of plaintiff's services; (3) refusing to give the instruction asked by her; (4) refusing to instruct the jury (after refusing all instructions asked), although requested by her counsel to do so, (5) refusing to allow her counsel, while addressing the jury, to read to them law applicable to the case from a decision of the supreme court, and (6) for refusing to permit her counsel to argue to the jury the law of the case.

Notwithstanding the code which requires the plaintiff to make a plain and concise statement of the facts constituting his cause of action, it is the established law in this state that when a contract has been fully performed and nothing remains to be done except to pay the stipulated price, the party performing may ignore the contract in his pleading and sue on contract, as for a *quantum meruit*. If upon a trial in such an action the contract is admitted or is proved, the right to recover will be governed by it. Stout v. Tribune Co., 52 Mo. loc. cit. 347; Mansur v. Botts, 80 Mo. 651; Hull v. Cooper, 36 Mo. App. 389; Plummer v. Trost, 81 Mo. 425; Williams v. Railroad, 112 Mo. loc. cit. 491; Fox v. Car Co., 16 Mo. App. loc. cit. 128; Hanel v. Freund, 17 Mo. App. 618; Crump v. Rebstock, 20 Mo. App. 37; Floerke v. Teuscher, 20 Mo. App. 77; Legg v. Gerardi, 22 Mo. App. 149; Suddoth v. Bryan, 30 Mo. App. 37; Lowry v. Mining Co., 65 Mo. App. 266. Hence the plaintiff's action was properly brought. It is also the

PLEADING: special contract: quantum meruit.

settled law in this state that where a person has agreed to perform a definite service before he can recover any compensation therefor, he must show a substantial performance of the contract on his part, or that full performance was waived, or that he was prevented by the defendant from fully complying with his undertaking. The only exception to this rule is where a party has performed work in the actual construction of a building or other improvement on land (Fox v. Car Co., *supra*, and authorities cited). Hence the counsel for appellant contended that as the plaintiff's evidence shows that he did not fully perform his contract the demurrer to the evidence ought to have been sustained. This assignment requires some reference to the contract itself, and an examination of the evidence as to how plaintiff discharged his duties under it. The contract says, that the plaintiff "is to draw plans and specifications, details, superintend the erection of said two houses, *entirely to the satisfaction* of the said Martha J. Sweringen, etc." This condition in the contract only requires that appellant should get such service as she was reasonably and legally entitled to under the contract. If she got such service in legal contemplation she was "satisfied," regardless of what the state of her mind was on the subject. It is undisputed that she complained to the plaintiff that the houses had not been constructed according to the plans and specifications, and that she had some controversy with the contractors on the subject. The material inquiry, however, is, were her complaints well founded, and does the plaintiff's evidence show this? It is stated in the appellant's brief that in the construction of the houses there were many departures from the specifications. We will only notice those to which reference is made in the briefs. Complaint was made that the roofs of the houses leaked. The plaintiff introduced the contractor as a witness,

who testified that when the complaint was made he examined the roofs carefully and could find no leaks, and that the defendant's servants in charge of the house failed to point out any. Objection was made to the use of 2x12 instead of 2x14 joists. The plaintiff's evidence tended to show that the original specifications called for 2x12 joists, and that the copy in possession of the appellant showing that joists 2x14 were to be used, was not correct. It was also argued that the specifications as to the bath rooms were not complied with. To meet this plaintiff proved that the appellant's agent ordered the changes to be made in the bath rooms. Iron bolts were to be put into certain portions of the work. It was conceded that the bolts were not used. The plaintiff's witness testified that the work was stronger and better without the bolts, and that it was not customary to put them in such work. The evidence shows that the bolts were worth probably $2.50. It is evident that the instruction of nonsuit can not rest on the plaintiff's evidence as to the manner in which the work was done. It is true that the bolts were not used, but we ought not to defeat the plaintiff's action on that account. *De minimis non curat lex.*

Under the contract the plaintiff was required to give the work his personal attention. It is admitted that he was absent for three weeks during the time that the houses were being built, and that one of his partners superintended the work during his absence. The plaintiff's evidence tended to prove that the appellant consented to the change, and further that she did not suffer any damage on account of it. It is clear that there is no merit in this ground of nonsuit. Neither is there anything in the complaint that the cost of the houses exceeded the sum of $30,000. The plaintiff's evidence tended to support the allegations of his reply,

which were that the contract price for all the work, except the heating, was $28,046, and that the heating apparatus could have been placed in the houses for $1,600, thus bringing the total cost of the houses below $30,000. Our conclusion is that the action of the court in refusing the instruction of nonsuit was right.

The next assignment of error is that the court improperly admitted evidence of the reasonable value of plaintiff's services. As the contract was admitted, and as the amount of the recovery (if any) was limited by the contract, it would seem illogical to admit testimony as to the value of plaintiff's services. But on the other hand it would be equally illogical to refuse to hear evidence in support of a material averment in the petition. The incongruity or difficulty results from the doctrine of Mansur v. Botts, *supra*. We had occasion to refer to this condition of the law in Crump v. Rebstock, 20 Mo. App. 37, and Legg v. Gerardi, 22 Mo. App. 149. In the latter case we held that evidence of the reasonable value of the services was admissible in cases like we have here, upon the ground that the price to be paid is not such an essential element of a special contract as to render proof of the exact price essential to a recovery, and hence if plaintiff was willing to put up with the reasonable value of the work, which might be less than the contract price, the defendant ought not to be heard to complain. This assignment will likewise be overruled.

The instruction refused by the court required the jury to find for the appellant if they found "that plaintiff did not render personal services during all the time said houses were in the course of erection, or that the plaintiff did not perform such services to the entire satisfaction of the defendant, or that the cost of either one of said houses exceeded the sum of $15,000." It is obvious

INSTRUCTIONS.

that this instruction is erroneous. It ignores the plaintiff's evidence as to waiver of the first condition mentioned; it fails to explain to the jury what kind of service was necessary to meet the second condition, and it also ignores the plaintiff's testimony to the effect that the excessive cost of the houses was attributed solely to the agent of the appellant.

The circuit court refused (and properly so) all instructions asked. Thereupon counsel for appellant requested the court to charge the jury as to the law in the case. The court directed counsel to proceed with the argument. At the conclusion of the argument the court presented instructions which it had in the meantime prepared, and stated that if no objection was made the instructions would be read to the jury, and the right to reargue the case would be accorded to both parties. Counsel for appellant objected and the instructions were not read. Under the circumstances the court can not be put in the wrong in this matter. It is not the duty of a trial judge to prepare instructions. The attorney must prepare and present them to the court, and when all the instructions presented are essentially erroneous, it does not then devolve upon the court to prepare a correct charge. Nolan v. Johns, 126 Mo. 159; Coleman v. Drain, 116 Mo. 387; Tetherow v. Railroad, 98 Mo. loc. cit. 86; Railroad v. Randolph Town Site, 103 Mo. loc. cit. 468; Tyler v. Larimore, 19 Mo. App. loc. cit. 458; Jones v. Packet Co., 43 Mo. App. loc cit. 407. In the case of Talbot v. Mearns, 21 Mo. 427, the defendant asked an instruction which in part stated the law. The instruction was refused. The supreme court stated that it would have been better if the court had amended or modified the instruction so as to make it express the true rule. This is as far as any case has gone in this state. It

PRACTICE, trial: reading decisions to jury.

was within the discretion of the circuit court to allow the appellant's counsel to read from the decision of the supreme court to the jury. (State v. Klinger, 46 Mo. loc. cit. 230.) Therefore the exception as to this matter will be overruled.

The record does not show, as contended by counsel that the court prevented appellant's counsel from arguing the law of the case to the jury, hence this exception is likewise overruled.

There are other matters presented in the briefs which we do not consider of sufficient importance to discuss, as the result would be the same. Finding no reversible error in the record, the judgment will be affirmed. All concur.