MILLSON McCORMICK, Defendant in Error, v. THE UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, June 26, and November 6, 1905.

1. **MASTER AND SERVANT: Contract: Quantum Meruit: Election.** A wrongfully discharged servant may sue for a breach of the contract, or treating the contract as rescinded, recover on quantum meruit for services; and since the actions are distinct when joined in one petition the remedy is to compel an election.

2. ————: ———— ———— In a suit on contract recovery can not be had on quantum meruit.

3. ————: ————: ————: **Pleading.** When a declaration sets out the contract and alleges performance by the plaintiff and avers damages for violation by the defendant, recovery of which is asked, the action is on contract and not on quantum meruit.

Error to Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*R. J. Ingraham, Warren N. Groff* and *Garland M. Jones* for plaintiff in error.

(1) The amended petition cannot be held to be an amendment of the original petition, but must be held to be a substitute for said petition. Field v. Maloney, 28 Mo. 174; Scarritt v. Glasner, 79 Mo. 452; Sims v. Field, 24 Mo. App. 565; Buell v. Transfer Co., 45 Mo. 565; Bernard v. Mott, 59 Mo. App. 408; Bricken v. Cross, 63 Mo. 449. (2) Defendant insists that the court erred in submitting to the jury, and in refusing to deny to plaintiff the right to recover for the time herein specifically barred and in refusing to set aside the verdict of the jury and the granting of defendant of a new trial, when

said verdict was for all the time claimed by plaintiff, to-wit, from November 10, 1896, to April 1, 1897. (3) It is further contended by plaintiff in error that the various petitions and amended petitions filed by defendant in error in this cause did not state the same cause of action, but that said cause of action as stated in the second amended petition was a different cause of action from that of original petition, and that the court below erred in not so holding. Field v. Maloney, 28 Mo. 174; Scarritt v. Glasner, 79 Mo. 452.

*C. F. Mead* and *John C. Stearns* for defendant in error.

(1) There can be but one cause of action growing out of the completed breach of a single contract. The stating of such demand in different ways in numerous counts, is not a departure from the single cause of action. Dennis v. Maxfield, 10 Allen 141; Stewart and Jackson v. Van Horn, 91 Mo. App. 647; Riffee v. Railroad, 154 Mo. 358; l. c. 363-4; Clothing Co. v. Railroad, 71 Mo. App. 241; l. c. 248; 1 Ency. Pl. and Pr., 556-565; Howard v. Shirley, 75 Mo. App. 150; Glover v. Hominy Flakes Co., 76 Mo. App. 103; Hall & Robinson v. Railroad, 80 Mo. App. 463; James v. Railroad, 69 Mo. App. 431; Commission Co. v. Railroad, 64 Mo. App. 144; Liese v. Meyer, 143 Mo. 547. (2) The expenditures in time and money, made in an attempt to carry out a contract, are proper elements of damage in an action brought for the breach of such contract. United States v. Beham, 110 U. S. 345; Cunningham v. Dorsey, 6 Cal. 19; Roberts v. Doehmer, 41 Neb. 306; Estes v. Shoe Co., 155 Mo. 577. (3) The plaintiff in error is not in a position to raise any of the questions suggested by its brief.

BROADDUS, P. J.—This is an action brought by plaintiff against the defendant to recover damages by reason of its failure to carry out a certain contract en-

tered into by the parties to the suit. Upon the trial the finding and judgment were for plaintiff and the defendant sued out a writ of error. The only question in the case is raised upon the pleadings. On December 26, 1901, the plaintiff commenced this suit in the circuit court of Jackson county and filed the following petition, viz.:

"First count. For his first cause of action plaintiff says that defendant was at all times hereinafter mentioned and has ever since been a private corporation of the State of Maryland, organized to transact a fidelity and judicial surety business, authorized under the law of said State to become surety upon the bonds of officers and employees of banks, mercantile houses, railroads, express and telegraph companies, officers of states, cities and counties, of contractors . . . and all other bonds required to be given in court proceedings, and is not authorized to transact such business in this State.

"That on or about November 10, 1896, defendant being desirous to extend its business, proposed in writing to plaintiff that he should accept the general agency for Missouri of said company, to solicit and contract for business in said State. Said proposition was comprised in two letters of said date written to plaintiff by defendant and attached hereto under marks, respectively to exhibits 'A' and 'B.' And plaintiff at said time was engaged in lucrative and profitable business in Chicago, Illinois, yielding him an income of $150 per month, and defendant, well knowing plaintiff's then situation, and the profits of his then business, made said proposition with the intention of establishing a lasting and still more profitable business for plaintiff and itself in the State of Missouri, with headquarters at Kansas City, and defendant thereby intended to and did undertake to comply with the laws of Missouri pertaining to surety and trust companies and qualify for the transaction of such business in the cities and towns of said State, and did undertake to establish a business of that character

and agreed to permit plaintiff to retain as his profits therein twenty per cent on fidelity bonds and fifteen per cent of the premiums on judicial bonds received by defendant upon business written by plaintiff. And in reliance thereon, and depending for his compensation solely upon the profits aforesaid, plaintiff in writing accepted said proposition, severed his connection with his Chicago employers, came to Kansas City, Missouri, notified defendant that he was ready, able and willing to perform his part of the contract, and to solicit business for and represent defendant in said territory.

"But defendant, utterly disregarding its duty to plaintiff, failed, neglected and refused to comply with the laws of Missouri in respect to surety and trust companies and to furnish plaintiff permits from said State and municipal officers to authorize him to transact such business, all of which it had in said proposition agreed to do.

"Plaintiff, on his part, has done each and everything required by said proposition and his acceptance thereof to be done by him and performed.

"Plaintiff remained in defendant's service from said November 10, 1896, until on or about the first day of April, 1897, at which date defendant revoked said agency and discharged plaintiff. During said period of time from November 10, 1896, until April 1, 1897, the surety and trust company business in the State of Missouri was most profitable, and the profits of plaintiff's said agency in the State of Missouri, had defendant performed its contracts, would have been exceedingly great, to-wit: the sum of thirteen hundred dollars, no part of which has been paid although plaintiff has often demanded the same.

"Wherefore, plaintiff says that he has been damaged in the sum of thirteen hundred dollars, for which, with his costs, plaintiff prays judgment.

"Second count. For his second cause of action, pleading now in the alternative, plaintiff says that de-

fendant was at all the times hereinafter mentioned, and has ever since been, a private corporation of the State of Maryland.

"That from November 10, 1896, until April 1, 1897, plaintiff was employed by defendant as general agent for Missouri, and defendant undertook and promised to pay him the reasonable value of his time and services during said period.

"That although plaintiff during said time did all the things required of him to be done by defendant and his said time and services were reasonably worth one hundred and fifty dollars per month, and although plaintiff has frequently demanded of defendant that it should pay him therefor, defendant has always failed and neglected to so pay him, and is now indebted unto plaintiff in the sum of seven hundred dollars, for which, with his costs, he prays judgment."

Before the trial several amendments were made, but the cause was tried on the amended petition filed April 23, 1902, which contained two counts, the first of which is substantially the same as that contained in the original petition. The second count, after reciting, also, in substance, the contents of the first count, alleged as follows:

"3.   Plaintiff remained in defendant's service from said November 10, 1896, until on or about the 1st day of April, 1897, and plaintiff, by reason of the acts of defendant aforesaid, has lost four and one-third months time of the value of six hundred and fifty dollars and in the performance of his said contract has incurred expense in the sum of fifty dollars; although plaintiff has repeatedly demanded of defendant that it should pay him said sum of seven hundred dollars, no part thereof has ever been paid him and plaintiff now says that he has been damaged in the sum of seven hundred dollars, with interest from the institution of this action, December 26, 1901, at the rate of six per cent per annum and for same with his costs plaintiff prays judgment."

The plaintiff dismissed his first count and trial was had upon the second count of the petition. Among other defenses the defendant set up the statute of limitations as to plaintiff's second count in the amended petition. It being contended that said count is founded on *quantum meruit* and a cause of action that accrued more than five years before the filing of the said amended petition. There is no doubt but what a suit on *quantum meruit* is a distinct cause of action from that of contract. "When a servant is wrongfully discharged by his master he may sue for a breach of the contract, or he may elect to treat the contract as rescinded, and recover on *quantum meruit* for services rendered." And, "where the petition counts on both the theory of a breach of the contract and a *quantum meruit,* the remedy of the defendant is by motion." [Ehrlich v. Ins. Co., 88 Mo. 249; Glover v. Henderson, 120 Mo. 367; Warder v. Seitz, 157 Mo. 140.]

It is the settled law of the State that in a suit on contract the plaintiff cannot recover on *quantum meruit.* [Mansur v. Botts, 80 Mo. 651; Williams v. Railroad, 112 Mo. l. c. 491; Moore v. Mfg. Co., 113 Mo. 99; Redman v. Adams, 165 Mo. 60.]

But plaintiff contends that the second count is a declaration on the contract and not action on *quantum meruit.* The count sets out the contract and alleges performance upon the part of plaintiff. And that while, "in defendant's service from said November 10, 1896, until on or about the 1st day of April, 1897, and plaintiff by reason of the acts of defendant aforesaid has lost four and one-third months time of the value of $650, and in the performance of his said contract has incurred expenses in the sum of $50," etc. In Redman v. Adams, supra, it was held that, the plaintiff by setting up the whole history of the transaction between the parties did not make the case one of contract, and it does not necessarily follow that because the plaintiff here set out

the contract it would constitute such as his cause of action. In determining the question it is necessary to keep in mind what is meant by the courts when the term *quantum meruit* is used. The meaning of the term is illustrated by Bouvier as follows: "When a person employs another to do work for him, without any agreement as to his compensation, the law implies a promise from the employer to the workman that he will pay him for his services as much as he may deserve or merit." The second count of the petition is not for services rendered but for damages for lost time occasioned by defendant's violation of the contract. It sufficiently appears that notwithstanding defendant employed plaintiff to perform certain services, it violated its contract in not permitting him to perform such service, thereby preventing him from earning a compensation. This breach of contract by defendant resulted in damages to the plaintiff, for which he asks compensation. He does not ask for the reasonable value of his services but for damages for the breach, to be measured by the reasonable value of his earning capacity for the time lost. The second count is based on the contract and is in effect the same as stated in the second count of the original petition except the latter is founded on *quantum meruit*.

If it could be construed that the second count of the amended petition was on *quantum meruit* it would be amendment of the original petition which would of course be sufficient to defeat application of the five years' statute of limitations. It follows from the foregoing that the action of the court is affirmed. All concur.