GODFREY ROLL, RESPONDENT, v. WILLIAM INGLISH, APPELLANT.*

Kansas City Court of Appeals. February 1, 1926.

1.—Account—Contract—Petition Held to Allege Breach of Contract. In an action on account where petition alleged defendant owed plaintiff for goods and blacksmithing "found for plaintiff at the instance and request of defendant" and medical attention furnished and doctor bills "paid by plaintiff for defendant at the instance and request of defendant" held to allege breach of contract.

2.—Work and Labor—Quantum ¡Meruit—Plaintiff Held to Have Right to Waive Contract and Sue on Quantum Meruit. Where plaintiff, under contract to render service for specified sum, worked on defendant's farm, in suit on account, held that defendant breached contract by failing to pay him for certain labor and giving plaintiff different class of work to do than contract provided and plaintiff had right to waive contract and sue on quantum meruit.

3.—Contracts—Quantum Meruit—Cannot Sue on Express Contract and Recover on Quantum Meruit. One cannot sue on an express contract and recover on quantum meruit.

4.—Work and Labor—Quantum Meruit—Instruction, Permitting Recovery for Reasonable Value of Service Rendered Held Proper. In action on account where plaintiff, under contract, was to receive $1.50 per day for certain work done on defendant's farm, and at defendant's request did other work which plaintiff alleged was worth $540 during period of thirty-six months, instruction that if defendant requested and accepted such services, which had not been paid for, jury should find for reasonable worth thereof, not to exceed $540, held proper for proof of special contract will support an action based upon one of the common counts not in excess of amount named in contract.

---

*Corpus Juris-Cyc. References: Accounts and Accounting, 1CJ, p. 651, n. 52; p. 652, n. 56; Assumpsit, Action of, 5CJ, p. 1386, n. 71; p. 1408, n. 5; p. 1410, n. 30; p. 1411, n. 45; Contracts, 13CJ, p. 748, n. 59; p. 749, n. 62, 64; Work and Labor, 40Cyc, p. 2834, n. 47, 54; p. 2835, n. 56; p. 2853, n. 44; p. 2856, n. 69.

Appeal from the Circuit Court of Moniteau County.—Hon. Henry J. Westhues, Judge.

AFFIRMED.

*S. C. Gill* for respondent.

*Embry & Embry* for appellant.

ARNOLD, J.—This is an action on an account for hay sold and delivered, work done, money advanced and other items alleged to have been furnished by plaintiff to defendant during the period from March 1, 1921, to March 1, 1924. The record shows that the defend-

ant William Inglish has died since the appeal in this case was taken and the cause has been revived in the name of the administrators of his estate who are the appellants here.

The facts shown are that William Inglish, unmarried, owned 190 acres of farm land in Moniteau county, Mo., and that about March 1, 1921, he entered into a verbal contract whereby plaintiff rented said land, the terms of said contract being now somewhat in dispute. Plaintiff's evidence tends to show that the agreement was to the effect that plaintiff and his family were to move into and occupy defendant's dwelling house on the farm, with the exception of one room which defendant reserved for his own use; that plaintiff's wife was to do the cooking and certain parts of the housework, including the care of defendant's room; that part of the time each of the parties to the contract was to furnish some of the provisions for the family and defendant; that plaintiff was to farm the land; that defendant was to furnish all seed, implements, horses for farm use and feed for them; that plaintiff was to do the labor incident to the crops and that the crops were to be divided between the parties, one-half to each. It further appears that plaintiff was to receive $1.50 per day from defendant for work done on the farm in repairing fences, filling ditches and like work not incident to planting, tending and maturing the crops; that at defendant's request plaintiff did other work, not included in the rental contract, such as feeding and caring for defendant's stock, which services were reasonably worth $15 per month.

The petition alleges that defendant owes plaintiff $150 for hay sold and delivered, $540 for work done, $44.18 for materials, goods and blacksmithing "found for plaintiff at the instance and request of defendant;" and also "for medical attention furnished defendant by plaintiff and doctor's bills paid by plaintiff for defendant at the instance and request of defendant," $8. There was attached to the petition and made a part thereof an itemized account, embracing the matters set out in the petition, as follows:

"William Inglish to Godfrey Roll, Dr.

Dec. 15, 1921. To one lot of Hay, about 3½ ricks ................................. $150.00

March 1, 1924. To work done by Godfrey for William Inglish on farm, from March 1, 1921 to March 1, 1924, repairing fence, feeding and caring for stock, filling ditches, and other work, 36 months at $15.00 per month ................................ 540.00

Feb. 9, 1922. To one lot of fence wire found for William Inglish by Godfrey Roll .... $24.00

| | | |
|---|---|---|
| March 6, 1922. To amount of freight paid on same | 3.63 | |
| July, 1922. To 1 pair of trace chains | 1.25 | |
| Aug. 15, 1922. To 1 spool of barbed wire .. | 5.35 | |
| Aug. 15, 1922. To two barrel of salt | 6.80 | |
| Oct. 21, 1922. To blacksmithing for Wm. Inglish | 2.65 | |
| Aug. 15, 1922. To guard plates | .50 | 44.18 |
| | | |
| Dec. 13, 1921. To medical attention, payment of doctor's bill, Dr. C. McRaven | $ 3.25 | |
| Oct. 11, 1922. To amount paid Dr. Raike, medical attention to William Inglish | 4.00 | |
| Jan. 16, 1922. To medicine furnished ... | .75 | 8.00 |
| | Total | $742.18 |

The prayer is for $742.18 and interest from date of demand.

The answer is a general denial and a specific denial of each item of the account. As affirmative defense, the answer states that "all labor performed and anything else that was in fact done or furnished by the plaintiff was included in and covered by a rental contract between the plaintiff and defendant and under which rental contract the plaintiff occupied the defendant's farm," etc., and states that all items set forth in plaintiff's petition have been paid.

The reply is a general denial of the allegations of defendant's answer and a specific denial that the items sued for were to be furnished by plaintiff to defendant as part rental of defendant's farm but that they grew out of separate matters independent of the rental contract and had no connection therewith, and denies that any of the items sued on have been paid or any part thereof. Further the reply alleges that defendant failed to perform all the conditions of said rental contract on his part to be performed. The record shows that after the first and second years, the rental agreement was extended another year, up to March 1, 1924.

Upon the pleadings as above indicated, the cause went to trial to a jury, resulting in a verdict and judgment for plaintiff in the sum of $326.15. A motion for new trial was ineffectual and defendant appealed.

Plaintiff introduced evidence tending to support each item set forth in the account upon which the action is based, but the conflict centers upon the one item of labor performed which plaintiff claims was worth $540 for the three years. This item as it appears in the stated account was for thirty-six months labor @ $15 per month. Testifying in his own behalf, plaintiff stated he had a contract with defendant whereby for the work mentioned in the labor item, he was

to receive $1.50 per day; that he had kept a book account of the number of days he worked but had lost the book and estimated he had worked 250 days during the three years; that the work he did is repairing fences, filling ditches and the like, and in feeding and caring for stock was worth $15 per month.

The defendant Inglish, in his deposition taken in the cause, denied that he owed plaintiff for the items in suit and stated that all the items sued for which were not included in the rental contract, had been adjusted between himself and plaintiff and that he owed plaintiff nothing. It is appellants' position as to the labor item that plaintiff sued on a contract for thirty-six months labor @ $15 per month and that the evidence of plaintiff showed an express contract for services at $1.50 per day—an entirely different contract—thus constituting a fatal variance between the pleading and proof. Based upon this contention, it is charged the court erred in giving plaintiff's instruction No. 1, which authorized a verdict upon *quantum meruit;* that such instruction was erroneous if the evidence showed a contract for a smaller amount than that sued for, and that the instruction should have limited the amount of recovery on that item to that shown by the contract and proof. It is charged the instruction authorized a finding for plaintiff in a sum not to exceed the amount sued for, and that there the evidence shows a specific contract, even though the petition is based upon *quantum meruit,* plaintiff cannot recover by waiving his charge of breach of contract and sue for reasonable value of the services.

It is defendants' position that the petition does not allege a breach of contract but we do not so read the petition. Plaintiff alleges that defendant failed to pay him for certain labor and his testimony shows that defendant had agreed to sell off the stock on the farm, thus lessening plaintiff's labor, which he failed to do, and that he gave plaintiff an entirely different class of work to do. If this testimony is true—and the jury seem to have believed it—plaintiff both charged and proved a breach of the contract. In these circumstances, plaintiff had a right to sue on *quantum meruit* and his instruction to this effect was not error. [Dempsey v. Lawson, 76 Mo. App. 522; Sexton v. Snyder, 119 Mo. App. 668.] The rule is that even if there is an express contract, in case of completed contract, or condition broken, plaintiff has the right to waive the contract and sue on *quantum meruit.* [Shoemaker v. Johnson et al., 200 Mo. 209; Colburn v. Krenning, 220 S. W. 934; Barnett v. Sweringen, 77 Mo. App. 64.] In the Barnett case, the court said, at p. 71:

"It is the established law in this State that when a contract has been fully performed and nothing remains to be done except to pay the stipulated price, the party performing may ignore the contract in his pleading and sue on contract, as for a *quantum meruit.*"

It is conceded by plaintiff that one cannot sue on an express contract and recover on *quantum meruit*. Here, the defendants contend the converse is true, namely, that plaintiff sued on *quantum meruit* while the testimony showed an express contract as to the item in controversy. Defendants further contend that a plaintiff cannot sue upon an express contract and recover upon an implied contract. This is a well-settled rule of procedure in this State. [Printing Co. v. Pub. Co., 127 Mo. App. 150; Plummer v. Trost, 81 Mo. 425, 430.] The court held in Shoemaker v. Johnson et al., 200 Mo. App. 209 214:

"It has often been held in this State that while proof of a special contract would support an action based on one of the common counts for a sum not in excess of that named in the contract, under no circumstances or conditions have the courts permitted a recovery on the *quantum meruit* where the sole cause of action is based on express contract."

The reason for the rule is obvious. In an action on an express contract, the issue raised by the answer denying the contract is whether, in fact, there was a contract, so that if plaintiff is entitled to recover at all, it is for the specific sum, and a verdict for a lesser sum would be set aside on appeal because not responsive to the issue. But proof of a special contract will support an action based upon one of the common counts, not in excess of that named in the contract. [Shoemaker v. Johnson et al.] Under the law as declared, we hold plaintiff's instruction No. 1 is not error. It limits the jury's finding as follows:

"That if the jury find from the evidence that plaintiff rendered services in work and labor for defendant, at the instance and request of defendant, and defendant accepted such services, and that such services, if any, have not been paid for, then your verdict should be for the plaintiff on that item for such sum as you may find and believe from the evidence that such services were reasonably worth not to exceed $540." Finding no reversible error of record, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.