## W. F. VANCE, Appellant, v. CHARLES E. ANDERSON, Respondent.*

### In the Kansas City Court of Appeals, November 5, 1923.

1. INSTRUCTIONS: In Action by Broker to Recover Commission, an Instruction not Supported by the Evidence, and Presenting a Different Theory Than That Adopted on Trial of Case Held Erroneous. In a suit to recover a broker's commission, an instruction to find for defendant if purchaser's offer was to buy on different terms than the terms imposed by defendant, then defendant had the right to reject the same and repudiate sale on terms so proposed, held reversible error as there was no evidence to support it and because it presented to jury a theory different from one adopted by defendant at the trial.

2. ———: Instructions Must be Within the Purview of Pleadings and Evidence. Instructions must be within the purview of both the pleadings and the evidence.

---

*Headnote 1. Appeal & Error, 4 C. J., Section 3016; Brokers, 9 C. J., Section 130; 2. Trial, 38 Cyc, pp. 1615, 1617.

Appeal from Circuit Court of Holt County.—*Hon. Guy B. Park*, Judge.

REVERSED AND REMANDED.

*A. M. Tibbels* and *Frank Petree* for appellant.

*Wm. E. Bissett* and *Robert L. Minton*, for respondent.

ARNOLD, J.—This suit is to recover a broker's commission for the sale of farm land. Plaintiff is a real estate broker living at Mound City, Missouri, and defendant is the owner of two quarter sections of land in Holt county, upon one of which he makes his home. In August, 1919, defendant verbally listed his 320 acres of land with plaintiff to be sold for the price and sum of $56,000 cash, and it was agreed that defendant was to pay plaintiff a commission for the sale. There is no material discrepancy between the versions of the parties hereto as to the purport of the conversation at the time of entering into the contract of agency. However plaintiff claims the commission was to be five and one-half per cent, while defendant claims he was to pay two per cent of the sale price.

Thereafter plaintiff produced one Ralph Showalter who offered to purchase the quarter section upon which defendant lives, at the price of $200 per acre. Defendant refused to make the sale because the offer was made for only one-half the acreage, while under the terms of his contract with plaintiff the entire acreage was to be

Vance v. Anderson.

disposed of in one sale. At this point the versions of plaintiff and defendant diverge, plaintiff claiming that defendant granted him two weeks additional time in which to find a purchaser for the entire 320 acres. Defendant testified that when plaintiff produced a pur-chaser for only one quarter section, that he called the deal off and so told plaintiff. The testimony tends to show, however, that plaintiff had been given two weeks in which to effect a sale of the entire acreage, and that on the last night of said period, plaintiff appeared at defendant's home and produced some money which he exhibited to defendant, stating that Ralph Showalter would take the entire acreage for $56,000, but defendant refused the offer with the statement that he had called the deal off at the time plaintiff produced a purchaser who was willing to purchase only the quarter section upon which the house was located.

The testimony on this point is conflicting. It is not disputed that on this occasion plaintiff produced a paper which he testifies was a contract of purchase of the 320 acres by Ralph Showalter for $56,000. Defendant's testimony on this point is that plaintiff produced a paper which he said was such contract, but that as he, defendant, had previously called the deal off, he neither examined the paper nor accepted the money exhibited; nor did he know how much money was included in the offer. The evidence of both parties is to the effect that, at this time, defendant absolutely refused to consider the offer then presented by plaintiff. Some attempt was made to adjust the difference between the parties, but without satisfactory results, and this suit followed in which plaintiff prays judgment for two per cent of the sale price, or $1120. He bases his claim upon the verbal contract and alleges in his petition that he produced a purchaser "who was ready, able and willing to purchase said land for the price and terms" agreed upon. The answer was a general denial.

The cause was tried to a jury and verdict was for defendant. Motions for new trial and in arrest were

unsuccessful and judgment was entered for defendant. Plaintiff appeals. Motions in the nature of demurrers to the evidence offered by defendant at the close of plaintiff's case and again at the close of all the evidence were overruled by the court and the case was submitted to the jury. Six instructions were asked by defendant and given by the court to which plaintiff duly excepted and, in his assignments of error, charges that two of these, Nos. 2 and 5, were erroneous because they submitted to the jury issues not supported by evidence in the case. Therefore in this opinion we need consider only these two instructions.

Objection is made to that part of instruction No. 2 which reads, "although you may find and believe from the evidence in this case that the plaintiff, on or about the 2nd day of August, 1919, was employed by defendant to sell defendant's 320 acre farm for the sum of $56,000, and that plaintiff during the month of September, 1919, produced to defendant a prospective buyer for said farm in the person of one Ralph A. Showalter, yet, if you further find that said Showalter was not then and there ready, able, and willing to buy said farm on the terms imposed by defendant, but was willing to buy said farm on different terms, then the defendant had the right to elect to either accept or reject Showalter as a purchaser for said farm, and if you find from the evidence in this case that the defendant herein then and there elected to repudiate a sale on the terms proposed by said Showalter, and then and there rejected Showalter as a purchaser of said farm," etc., their finding should be for defendant.

It is pointed out there is no evidence of record that defendant elected either to accept or reject Showalter as the purchaser of the farm. The evidence tends to show that the offer in September was the second offer made that it was for the purchase of the entire 320 acres, as per defendant's terms. Defendant testified that he refused to sell, not because the offer was not in accordance

with the terms first given by him, but because he had "called the deal off and it was off." Defendant further testified that this last offer was made on the "last day of the time he was to have."

We have no way of determining to what extent instruction No. 2 was an influencing factor in the verdict of the jury. A careful review of the testimony fails to disclose any evidence supporting that part of the instruction which declares defendant's right to elect. Under these facts, we must hold that the giving of this instruction constitutes reversible error. The instruction clearly presents to the jury a theory different from the one adopted by defendant in the trial of the case, and is broader than the facts proved. In Degonia v. Railroad, 224 Mo. 564, 588, it is said:

"We have uniformly held that where a case is tried *nisi,* upon a certain theory, that it must be heard and tried here upon that theory. We have held the bar of the State in all strictness to this rule. If additional suggestions and additional theories were advanced here, we have brushed them aside, with the statement that such were not the theories adopted in the trial below. Having held the bar in strictness to the rule, shall we ourselves violate it by saying, although the case was never tried and submitted on a proper theory of the law, yet we think there is a good case on the facts, and we will affirm the judgment, although the jury has never been permitted to pass upon the facts when coupled with proper declarations of law? What a jury might have done, if properly instructed, is, to say the least problematical. The jury might have found as it did, or it might not so have found. For us to affirm this judgment, one admittedly secured upon erroneous instructions, amounts, in fact, to a usurpation of the province of the jury when properly instructed. If plaintiff has a meritorious case she will sustain no injury in having her case and the facts thereof properly submitted under the law applicable to the case. The rule which we with strictness apply to the bar

with the same strictness we should apply to ourselves.''

Defendant urges that the error, if any, is harmless. It is true the books are full of cases where appellate courts have rightly said that although instructions were erroneous and the error harmless, have affirmed the judgments. But we cannot go so far as to say that where an instruction presents a theory different from the one supported by the evidence, as in the case at bar, that such an instruction is harmless. The instruction must be within the purview of both the pleadings and the evidence. [Mansur v. Botts, 80 Mo. 658; Bank v. Murdock, 62 Mo. 70.]

Instruction No. 5, of which complaint is made, is, in our judgment, subject to the same objection, to-wit, that it tells the jury that the verdict should be for the defendant if they should find that plaintiff ''produced to defendant a prospective purchaser for only part of the farm.'' The theory upon which plaintiff tried his case was that in September he produced a purchaser for the entire 320 acres, and the defense was against this theory. There is no testimony of record that at the time of the offer in September there was any offer to purchase less than the 320 acres. We think this instruction also erroneous and prejudicial.

The giving of these instructions demands a reversal and remanding of the cause to the end that it may be submitted to the jury upon instructions covering the only theories presented by the pleadings and the evidence. The judgment is accordingly reversed and the cause remanded for a new trial. All concur.